**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No.   16-cr-54-WJM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.  HEATHER CARR,
2.  TRAMMEL THOMAS,
3.  MERCEDES DIAZ,

      Defendants.

---

**INDICTMENT**

Count 1:  18 U.S.C. § 286
Conspiracy to Defraud the Government with Respect to Claims

Counts 2-13:  18 U.S.C. § 1343
Wire Fraud

Counts 14-26:  18 U.S.C. § 1341
Mail Fraud

Counts 27-29:  18 U.S.C. § 1028A(a)(1)
Aggravated Identity Theft

FORFEITURE ALLEGATION
18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)

---

The Grand Jury charges:

**Count 1
Conspiracy to Defraud the Government with Respect to Claims**

1.     At all times relevant to this Indictment:

     a.     The United States Department of Education (the Department) was an agency of the United States government. The Department's responsibilities

included overseeing the administration of federal student assistance programs, including financial aid programs designed to assist qualified students with paying for college. These financial aid programs included both grant and loan programs.

b.      In order to qualify as recipients/borrowers for these financial aid programs, students needed to, among other things, certify that the funds borrowed would be used for authorized educational purposes.

c.      Students generally began the process of applying for federal financial aid by completing and submitting the Free Application for Federal Student Aid (FAFSA). The FAFSA required identifying information such as a student's name, date of birth, address, Social Security number, telephone number, and e-mail address. After processing, the information from the FAFSA was sent to the schools designated by the applicant.

d.      Once awarded financial aid, and after a student enrolled at a particular school, financial aid funds were disbursed from the Department to the school in the student's name. Those funds were applied to tuition, fees, and other educational expenses the student owed to the school. Any funds in excess of the amount owed were then "refunded" to the student.

e.      The Department and community colleges within the State and District of Colorado worked with a company called Higher One to deliver "refunds" of federal financial aid to students. Refund amounts were placed into accounts in the students' names maintained by Higher One. Students accessed these refunds through the accounts and debit cards issued and mailed to them by Higher One.

f.      The Colorado Community College System (CCCS) includes several different schools, including but not limited to Pikes Peak Community College, Red Rocks Community College, and Pueblo Community College. CCCS operates a website at www.ccconline.org that is sometimes referred to as "Colorado Community Colleges Online." This website allows a prospective student to create

an online account by entering information such as his or her name, address, e-mail address, telephone number, and Social Security number. He or she can then use that information to apply to the various schools in the CCCS. The schools within the CCCS are "open enrollment" colleges, which means that any person who meets certain minimum criteria (e.g., having a high school diploma or GED) may enroll and attend classes.

g.     After a student enrolls at a particular CCCS school, the student can then use Colorado Community Colleges Online to take various online distance learning courses offered by that particular school.

h.     A company called LexisNexis maintains an electronic database called "Accurint," which contains personally identifiable information for individuals throughout the country, including Social Security numbers. The Accurint database is a subscription service that is accessed via a username and password assigned to a particular user.

i.     Several state departments of corrections maintain publicly accessible inmate locator websites. Through these websites, one can search for individuals held in the custody of the particular department whose website is being searched. The search can be conducted using the inmate's name, or a portion thereof. At the time of the events described in this indictment, some inmate locator websites also displayed the inmate's birthday.

2.     Beginning in or about August 2010, and continuing until in or about October 2012, in the State and District of Colorado and elsewhere, Defendants Heather Carr, Trammel Thomas, and Mercedes Diaz (collectively, "the conspirators"), knowingly agreed, combined, and conspired with each other to defraud an agency of the United States by obtaining and aiding to obtain the payment and allowance of false and fraudulent claims by submitting false claims for federal student aid to the U.S. Department of Education.

3.      The conspiracy was accomplished, in part, through the following manner and means:

a.      Defendant Carr obtained names and dates of birth for inmates by searching inmate locator websites for common last names such as "Jones" and "Smith." Once she had the names and dates of birth of inmates, she searched the Accurint database to obtain further personally identifiable information for these people, such as their Social Security numbers. Defendant Carr had access to this database through her employment in Arizona, and used her assigned LexisNexis username, "heathercarr1," in performing these searches.

b.      After Defendant Carr obtained Social Security numbers and other personally identifiable information from the Accurint and inmate locater databases, Defendants Carr and Thomas used this information to apply for federal student assistance funds in the names of the people whose identifying information Defendant Carr had gathered. These applications for federal student assistance funds contained materially false representations about the identity of the person submitting the application and the purported applicant's intent to attend educational institutions. These false representations supported improper determinations by the Department that the purported applicants were eligible to receive federal student assistance funds.

c.      Defendants Carr and Thomas also applied for admission to schools within the CCCS and elsewhere, using the identities of the same persons in whose name they had applied for federal student assistance funds.

d.      Defendant Diaz agreed to receive mail in the names of purported students at her place of residence and at private mailbox addresses she rented in the name of another person, and then provided that mail to Defendants Carr and Thomas.  Defendants Carr and Thomas also convinced other individuals, both known and unknown to the Grand Jury, to receive mail in the names of purported

students and then cause that mail to be delivered to Defendants Carr and Thomas. Both the applications for federal student assistance funds and the applications for enrollment in the community colleges submitted by the conspirators contained false information regarding the purported applicants' mailing addresses: instead of listing the purported applicant's actual address, the applications typically gave one of three types of addresses: 1) private mailboxes opened by Diaz; 2) addresses of those individuals who had agreed to receive mail for the conspirators; or 3) the actual address of one of the conspirators.

     e.    Higher One accounts were created in the names of the purported applicants after financial aid funds were disbursed to the community colleges in the purported applicants' names. Funds were deposited into these accounts and Higher One debit cards intended for the purported applicants were then mailed to the false addresses submitted by Defendants Carr and Thomas. The conspirators then, through the debit cards and associated Higher One accounts, used the funds for their own purposes.

     f.    Often, schools would not release financial aid refunds without some confirmation that the student was attending classes. In such cases, Defendant Carr would sign into online courses as the purported student. Defendant Carr had obtained the student identification number assigned to a particular purported student by applying and enrolling at a college in that student's name.  Defendant Carr then used that student identification number to log into the Colorado Community Colleges Online learning management system and register the student's attendance in a course or courses in which that student was enrolled. She did so with the intent of thereby obtaining financial aid funds meant for that purported student.

4.    During the course of the conspiracy, the conspirators were involved in submitting over 150 false FASFAs to the Department, resulting in the disbursement of

over $500,000 in federal financial aid funds.  Of this amount, the conspirators received over $200,000 in refunds deposited in Higher One accounts and on debit cards.

**Counts 2-13**
**Wire Fraud**

5.     Paragraphs 1 and 3 (including the subparagraphs) are incorporated herein as if fully set forth.

6.     Beginning in or about August 2010, and continuing until in or about October 2012, the defendants devised and intended to devise a scheme and artifice to defraud the U.S. Department of Education as set forth in Paragraph 3 above ("the scheme") by obtaining money by means of false and fraudulent pretenses, representations, and promises in connection with applications for federal financial aid.

7.     On or about the date listed below for each count, in the State and District of Colorado, having devised and intending to devise the scheme, and for the purpose of executing the scheme, Defendants Carr and Thomas transmitted and caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, to wit, online wire transmissions from Arizona to Colorado, which wire transmissions had the effect of registering attendance for a purported student in an online course hosted by Colorado Community Colleges Online so that a Higher One debit card would be issued in the purported student's name listed below:

| Count | Date | Purported Student |
|-------|------|-------------------|
| 2 | Oct. 17, 2011 | M.E. |
| 3 | Oct. 17, 2011 | E.J. |
| 4 | Oct. 18, 2011 | L.E. |
| 5 | Oct. 19, 2011 | L.E. |
| 6 | Oct. 19, 2011 | M.E. |

| Count | Date | Purported Student |
|-------|------|-------------------|
| 7 | Oct. 20, 2011 | E.J. |
| 8 | Oct. 22, 2011 | E.J. |
| 9 | Oct. 23, 2011 | E.J. |
| 10 | Oct. 29, 2011 | L.E. |
| 11 | Oct. 30, 2011 | L.E. |
| 12 | June 7, 2012 | D.M. |
| 13 | Aug. 28, 2012 | M.A. |

All in violation of 18 U.S.C. § 1343.

## Counts 14-26
## Mail Fraud

8.     Paragraphs 1 and 3 (including the subparagraphs) are incorporated herein as if fully set forth.

9.     Beginning in or about August 2010, and continuing until in or about October 2012, the defendants devised and intended to devise a scheme and artifice to defraud the U.S. Department of Education as set forth in Paragraph 3 above ("the scheme") by obtaining money by means of false and fraudulent pretenses, representations, and promises in connection with applications for federal financial aid.

10.     Between on or about the dates listed below for each count, in the State and District of Colorado, for the purpose of executing the scheme, the defendants named in the counts listed below knowingly caused to be delivered by United States mail to the name and address listed below, according to the direction thereon, an envelope containing a Higher One debit card:

| Defendant | Count | Dates | Card Number (Last Four Digits) | Purported Student | Address Where Sent |
|---|---|---|---|---|---|
| Carr Thomas | 14 | Feb. 8–22, 2011 | 5158 | I.O. | 3820 Radiant Dr.; Apt. 239; Colorado Springs, CO |
| Carr Thomas | 15 | July 25–Oct. 3, 2011 | 0878 | A.J. | 1418 Rushmore Dr.; Colorado Springs, CO |
| Carr Thomas | 16 | Aug. 4–Oct. 3, 2011 | 2567 | L.J. | 1418 Rushmore Dr.; Colorado Springs, CO |
| Carr Thomas | 17 | Aug. 4–Oct. 3, 2011 | 6964 | P.J. | 1418 Rushmore Dr.; Colorado Springs, CO |
| Carr Thomas | 18 | Aug. 4–Oct. 15, 2011 | 3804 | S.J. | 1418 Rushmore Dr.; Colorado Springs, CO |
| Carr Thomas | 19 | Aug. 4–Oct. 15, 2011 | 6112 | K.J. | 1418 Rushmore Dr.; Colorado Springs, CO |
| Carr Thomas Diaz | 20 | Aug. 11–Oct. 3, 2011 | 2903 | V.J. | 1418 Rushmore Dr.; Colorado Springs, CO |
| Carr Thomas Diaz | 21 | Aug. 11–Oct. 3, 2011 | 2749 | E.L.J. | 1418 Rushmore Dr.; Colorado Springs, CO |
| Carr Thomas | 22 | Aug. 11–Oct. 3, 2011 | 8668 | R.P. | 1418 Rushmore Dr.; Colorado Springs, CO |
| Carr Thomas | 23 | Aug. 29–Nov. 9, 2011 | 0165 | E.J. | 1418 Rushmore Dr.; Colorado Springs, CO |
| Carr Thomas | 24 | Jan. 5–Mar. 19, 2012 | 8572 | A.R. | 1418 Rushmore Dr.; Colorado Springs, CO |
| Carr Thomas | 25 | June 26–July 7, 2012 | 7111 | D.M. | 1112 Meadow Oaks Dr.; Colorado Springs, CO |

| Defendant | Count | Dates | Card Number (Last Four Digits) | Purported Student | Address Where Sent |
|---|---|---|---|---|---|
| Carr Thomas | 26 | July 18–26, 2012 | 6173 | M.A. | 1112 Meadow Oaks Dr.; Colorado Springs, CO |

All in violation of 18 U.S.C. § 1341.

## Counts 27-29
## Aggravated Identity Theft

11.    Paragraphs 1 and 3 (including the subparagraphs) are incorporated herein as if fully set forth.

12.    On or about the dates set forth in the table below, in the State and District of Colorado, Defendant Carr did knowingly use, without lawful authority, a means of identification of another person during and in relation to a felony violation of 18 U.S.C. § 1343, knowing that the means of identification belonged to another actual person. Specifically, she used the identified person's name and date of birth to apply for admission to Pikes Peak Community College, during and in relation to the wire fraud scheme described above in Paragraphs 5-7.

| Count | Date | Victim |
|---|---|---|
| 27 | Aug. 14, 2011 | E.J. |
| 28 | Aug. 15, 2011 | M.E. |
| 29 | Aug. 15, 2011 | L.E. |

All in violation of 18 U.S.C. § 1028A(a)(1).

## **FORFEITURE ALLEGATION**

13. The allegations contained in Counts 2 through 13 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

14. Upon conviction of the violations alleged in Counts 2 through 13 of this Indictment involving wire fraud in violation of 18 U.S.C. § 1343, Defendants HEATHER CARR and TRAMMEL THOMAS shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any and all of their right, title and interest in all property constituting and derived from any proceeds they obtained directly and indirectly as a result of such offense, including, but not limited to:

A money judgment in the amount of proceeds obtained by those crimes.

15.  If any of the property described in paragraph 14 above, as a result of any act or omission of Defendants HEATHER CARR and TRAMMEL THOMAS:

a)     cannot be located upon the exercise of due diligence;

b)     has been transferred or sold to, or deposited with, a third

        party;

c)    has been placed beyond the jurisdiction of the Court;

d)     has been substantially diminished in value; or

e)     has been commingled with other property which

        cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek

Page | 10

forfeiture of any other property of Defendants HEATHER CARR and TRAMMEL THOMAS up to the value of the forfeitable property.

16.  The allegations contained in Counts 14 through 26 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

17. Upon conviction of the violations alleged in Counts 14 through 26 of this Indictment involving mail fraud in violation of 18 U.S.C. § 1341, Defendants HEATHER CARR and TRAMMEL THOMAS shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any and all of the their right, title and interest in all property constituting and derived from any proceeds they obtained directly and indirectly as a result of such offense, including, but not limited to:

A money judgment in the amount of proceeds obtained by those crimes.

18.  If any of the property described in paragraph 17 above, as a result of any act or omission of Defendants HEATHER CARR and TRAMMEL THOMAS:

a)    cannot be located upon the exercise of due diligence;

b)    has been transferred or sold to, or deposited with, a third party;

c)    has been placed beyond the jurisdiction of the Court;

d)    has been substantially diminished in value; or

e)    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of Defendants HEATHER CARR and TRAMMEL THOMAS up to the value of the forfeitable property.

19.   The allegations contained in Counts 20 and 21 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

20. Upon conviction of the violations alleged in Counts 20 and 21 of this Indictment involving mail fraud in violation of 18 U.S.C. § 1341, Defendant MERCEDES DIAZ shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any and all of the her right, title and interest in all property constituting and derived from any proceeds she obtained directly and indirectly as a result of such offense, including, but not limited to:

A money judgment in the amount of proceeds obtained by those crimes.

21.  If any of the property described in paragraph 20 above, as a result of any act or omission of Defendant MERCEDES DIAZ:

a)   cannot be located upon the exercise of due diligence;

b)   has been transferred or sold to, or deposited with, a third party;

c)   has been placed beyond the jurisdiction of the Court;

d)   has been substantially diminished in value; or

e)   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of Defendant MERCEDES DIAZ up to the value of the forfeitable property.

A TRUE BILL

s/Ink signature on file in Clerk's Office
**Foreperson**

**John F. Walsh**
United States Attorney

s/Martha A. Paluch_____
**Martha A. Paluch**
Assistant U.S. Attorney
1225 17th St., Suite 700
Denver, CO 80202
Telephone: (303) 454-0100
FAX: (303) 454-0409
E-mail: martha.paluch@usdoj.gov

s/Daniel E. Burrows_____
**Daniel E. Burrows**
Special Assistant U.S. Attorney
1225 17th St., Suite 700
Denver, CO 80202
Telephone: (303) 454-0100
FAX: (303) 454-0409
Email: daniel.burrows@usdoj.gov