**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 16-cr-054-WJM

UNITED STATES OF AMERICA,

     Plaintiff,

v.

**1.    HEATHER CARR,
2.    TRAMMEL THOMAS, and
3.    MERCEDES DIAZ,**

     Defendants.

---

**ORDER GRANTING DEFENDANT THOMAS' MOTION TO EXCLUDE 90
ADDITIONAL DAYS FROM THE REQUIREMENT OF THE SPEEDY TRIAL ACT AND
CONTINUANCE OF THE TRIAL SET FOR OCTOBER 25, 2016**

---

This matter is before the Court on the Defendant Thomas' Motion to Exclude 90 Additional Days from the Requirement of the Speedy Trial Act and Continuance of the Trial Set for October 25, 2016 (the "Motion"). (ECF No. 71). The Defendant's Motion requests a 90-day ends of justice continuance of the deadlines as set forth in the Speedy Trial Act, 18 U.S.C. §§ 3161-3174, and for a continuance of the trial date and deadline to file motions. For the following reasons, the Motion is GRANTED.

The Speedy Trial Act is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." *United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999). It requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1); *United States v.*

*Lugo*, 170 F.3d 996, 1001 (10th Cir. 1999). Certain periods of delay are excluded and do not count toward the 70-day limit. *See* 18 U.S.C. § 3161(h)(1)-(8). Specifically, "the Act excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" *Hill*, 197 F.3d at 440-441 (quoting 18 U.S.C. § 3161(h)(7)(A)).

The Speedy Trial Act provides, in pertinent part:

The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:

. . . .

(7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

In order for a continuance to qualify as an excludable "ends of justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied. *Hill*, 197 F.3d at 441. First, the Court must consider the following factors listed in § 3161(h)(7)(B):

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time

limits established by [the Act];

(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i) - (iv).

After considering these factors, the Court must then set forth, "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Hill*, 197 F.3d at 441; § 3161(h)(7)(A).  Although the Court's findings "may be entered on the record after the fact, they may not be made after the fact." *Hill*, 197 F.3d at 441 (quoting *United States v. Doran*, 882 F.2d 1511, 1516 (10th Cir.1989)).  "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'" *Id.* (quoting *Doran*, 882 F.2d at 1516).  The Court has discharged these duties.

The Defendant's Motion is unopposed, and therefore, the averments of fact in the Motion have been confessed by the Government.  Thus, those foundational and predicate facts are deemed established, and the Court need not reiterate them here. The Defendant's Motion describes the various factors that he believe necessitate the

3

exclusion of an additional 90 days in this case, and the Court adopts and incorporates those facts herein.

Defendant has been charged in an indictment charging him with Conspiracy to Defraud the Government, Wire Fraud, and Mail Fraud, along with two co-defendants. To date, Defense Counsel has received 30,000 pages of discovery from the Government, and Counsel continues to receive additional discovery. Additionally, the Defendant resides out of state which complicates the preparation for trial in this case. In order to adequately prepare this case for trial, the Court finds that an additional **90 days** should be excluded from the Speedy Trial Act for these purposes.

The Court relied on the professional experience and judgment of counsel in fashioning a reasonable pretrial scheduling order. Additionally, the Court is sensitive to and mindful of the teachings of relevant case law, including the principles and holdings in *Bloate v. United States*, 559 U.S. 196 (2010)*; United States v. Larson*, 627 F.3d 1198, (10th Cir. 2010); *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009); and *United States v. Williams*, 511 F.3d 1044 (10th Cir. 2007).

Based on the relevant record considered as a whole, the Court finds that it would be unreasonable to expect adequate preparation by the Defendants, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 18 U.S.C. § 3161(c). The Court has considered the factors which it must under 18 U.S.C. § 3161(h)(7)(B) (i)-(iv). As required by 18 U.S.C. § 3161(h)(7)(C), the Court has not predicated its ruling on congestion of the Court's calendar or lack of diligent preparation by counsel.

Accordingly, the Court FINDS that:

(1)     Failure to grant a continuance of trial beyond the time prescribed by 18

        U.S.C. § 3161(c) would likely result in a miscarriage of justice, within the

        meaning of 18 U.S.C. § 3161(h)(7)(B)(i); and

(2)     Even considering due diligence, failure to grant the motion would deny

        counsel for Defendant the reasonable time necessary for effective pretrial

        and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

(3)     An additional **90 days** should be excluded from the computation of the

        speedy trial time; and

(4)     Therefore, the ends of justice served by granting the motion outweighs the

        best interests of the public and Defendant in a speedy trial within the

        meaning of 18 U.S.C. § 3161(h)(7)(A).

THEREFORE, IT IS HEREBY ORDERED that:

(1)     Defendant Thomas' Motion to Exclude 90 Additional Days from the

        Requirement of the Speedy Trial Act and Continuance of the Trial Set for

        October 25, 2016 (ECF No. 71) is GRANTED;

(2)     **All days from November 4, 2016, to and including February 2, 2017,**

        **shall be excluded from the Speedy Trial Clock as to ALL Defendants**;

(3)     The 6-day Jury Trial set to commence on October 24, 2016 and the Final

        Trial Preparation Conference set for October 17, 2016 are hereby

        **VACATED as to ALL Defendants**.  The Court will enter a separate Order

        resetting the Trial date and related deadlines;

(4)     Defendant Thomas' Motion to Continue Trial of October 25, 2016 (ECF No. 72) is DENIED as MOOT; and

(5)     Given that the Court has now granted three Ends of Justice Continuance motions in this case, as well as the fact that the matter will have been pending for approximately one year at the time this matter is newly re-set for trial, all parties and their counsel are hereby put on notice that **NO FURTHER ENDS OF JUSTICE MOTIONS FOR CONTINUANCE OF THE TRIAL IN THIS MATTER WILL BE GRANTED.**

Dated this 30th day of August, 2016.

BY THE COURT:

_____
William J. Martínez
United States District Judge