IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 16-cr-00054-WJM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

**2. TRAMMEL THOMAS**

        Defendant

**UNOPPOSED MOTION TO VACATE HEARING AND TO EXCLUDE
90 DAYS FROM THE REQUIREMENTS OF THE SPEEDY TRIAL ACT**

Comes now the Defendant, Trammel Thomas, by and through his Court appointed counsel Daniel T. Smith and requests that the Court vacate the scheduled change of plea hearing set for April 26, 2017 and further to exclude 90 days from the requirements of the Speedy Trial Act. As grounds therefore the Defendant states as follows:

1. Counsel for the Defendant was appointed by the Court to represent this Defendant on March 15, 2017. Subsequent to that appointment, the Court scheduled the Defendants change of plea hearing for April 26, 2017.
2. Counsel has just received from Assistant United States Attorney Paluch the discovery in this case. The discovery is voluminous and represented to contain some 30,000 pages of witness statements, grant applications, bank records, and other related material.
3. Counsel is simply unable to review that volume of discovery and competently advise the Defendant on his case by April 26, 2017. Counsel would also advise the Court that he is scheduled to be out of the state between April 22 and April 27, 2017. Counsel would also advise the Court that it is his

1

understanding that Mr. Root was never authorized to file the Notice of Change of Plea.

4. Counsel would further request that the Court exclude 90 days from the applicable Speedy Trial Act calculation in this matter. At the request of prior counsel this Court has excluded some 240 days from the Speedy trial calculation. See Docket #'s 45 (90 days), 55 (60 days) and 73 (90 days).

5. In part the Court granted these previous requests because of the complexity of the case and the voluminous discovery.

6. This Defendant is charged in a 29 count indictment with alleged criminal conduct including Conspiracy to Defraud the government, Wire Fraud, and Mail Fraud. The Mail and Wire Fraud charges carry potential sentences of up to 20 years in prison.

7. Counsel has been provided discovery which is represented to contain over 30,000 pieces of paper. Counsel states to this Court that he cannot review this discovery and competently advise the Defendant under the current Court schedule.

8. Pursuant to 18 U.S.C. §3161(h)(7) the Court is authorized to exclude time from the speedy trial calculation when the ends of justice served by the requested delay outweigh the best interests of the public and the Defendant in a speedy trial. Two factors that the Court should consider in this decision include, will the continuation of the proceeding result in a miscarriage of justice and would denying the continuance request deny defense counsel the reasonable time necessary for effective preparation. *United States v. Tombs* 574 F3d. 1262 (10th Cir. 2009)

9. Counsel for the Defendant was appointed in this case on March 15, 2017. He received certain discovery on the 17th of March and the majority of the discovery on March 22, 2017. Allowing only 35 days to review the discovery is not sufficient time.

10. The 10th Circuit Court of Appeals has further set out four factors the Court should consider in evaluating a continuance request: *U. S. v. West* 828 F2d. 1468 (10th Cir. 1998) (1) the diligence of the party seeking the continuance,

(2) will the requested continuance likely accomplish the purpose for which the request was made, (3) inconvenience to the opposing party, witnesses and the Court, (4) the alleged need for the request and the potential harm to be caused if the request were to be denied.

11. The Defendant submits that the situation currently before this Court satisfies the statutory requirements as well as the *West* factors. As of the filing of this motion, Counsel has only been on this case for 2 weeks. The sheer volume of the discovery prevents counsel from reviewing the same under the current time restraints. Counsel has begun his review of some of the discovery but much more time is needed.
12. Counsel requests that 90 days be excluded from the speedy trial calculation. It is submitted that this time period will allow sufficient time to review the discovery, applicable case law, and the consideration of any appropriate motions. At that point, counsel would be in a position to competently advise the Defendant on various defense strategies.
13. This request will not inconvenience the government or its witnesses. Assistant United States Attorney Paluch has authorized counsel to advise this Court that she has no objection to either request of the Defendant.

Wherefore the Defendant respectfully requests that the Court enter an Order vacating the current Change of Plea hearing on April 26, 2017 and further grant an Ends of Justice continuance for 90 days.

Dated this 29th day of, March , 2017

Daniel T. Smith Attorney at Law

s/ Daniel T. Smith
Daniel T. Smith
1900 Grant St. #580
Denver, Colorado 80203
Telephone: 303 860 8100
Fax: 303 860 8018
danieltsmith@qwestoffice.net
Attorney for Trammel Thomas

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 29, 2017 the foregoing **UNOPPOSED MOTION TO VACATE HEARING AND TO EXCLUDE 90 DAYS FROM THE SPEEDY TRIAL CALCULATION** was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of said filing to the following email addresses:

Martha A. Paluch, Assistant USA
Martha.Paluch@usdoj.gov

Mary V. Butterton, Esq.
Mary_butterton@fd.org

Siddhartha H. Rathod
sr@rmlawyers.com


                                                s/ Daniel T. Smith