**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 16-cr-054-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2.    **TRAMMEL THOMAS,** and
4.    **MARCELLE GREEN,**

    Defendants.

---

**ORDER GRANTING DEFENDANT GREEN'S AMENDED UNOPPOSED MOTION TO VACATE CURRENT DEADLINES AND COURT DATES, AND TO EXCLUDE 190 DAYS FROM SPEEDY TRIAL ACT CALCULATIONS**

---

This matter is before the Court on the Defendant Green's Amended Unopposed Motion to Vacate Current Deadlines and Court Dates, and to Exclude 190 Days from Speedy Trial Act Calculation (the "Motion"). (ECF No. 151). The Defendant's Motion requests a 190-day ends of justice continuance of the deadlines as set forth in the Speedy Trial Act, 18 U.S.C. §§ 3161-3174, and for a continuance of the trial date and deadline to file motions. For the following reasons, the Motion is GRANTED.

The Speedy Trial Act is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." *United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999). It requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1); *United States v. Lugo*, 170 F.3d 996, 1001 (10th Cir. 1999). Certain periods of delay are excluded and

do not count toward the 70-day limit.  *See* 18 U.S.C. § 3161(h)(1)-(8).  Specifically, "the Act excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'"  *Hill*, 197 F.3d at 440–41 (quoting 18 U.S.C. § 3161(h)(7)(A)).

The Speedy Trial Act provides, in pertinent part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
>
> . . . .
>
> (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

In order for a continuance to qualify as an excludable "ends of justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied.  *Hill*, 197 F.3d at 441.  First, the Court must consider the following factors listed in § 3161(h)(7)(B):

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within

>    the time limits established by [the Act];
>
>    (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;
>
>    (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i) - (iv).

After considering these factors, the Court must then set forth, "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Hill*, 197 F.3d at 441; § 3161(h)(7)(A). Although the Court's findings "may be entered on the record after the fact, they may not be made after the fact." *Hill*, 197 F.3d at 441 (quoting *United States v. Doran*, 882 F.2d 1511, 1516 (10th Cir.1989)). "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'" *Id.* (quoting *Doran*, 882 F.2d at 1516). The Court has discharged these duties.

The Defendant's Motion is unopposed, and therefore, the averments of fact in the Motion have been confessed by the Government. Thus, those foundational and

3

predicate facts are deemed established, and the Court need not reiterate them here. The Defendant's Motion describes the various factors that she believe necessitate the exclusion of an additional 190 days in this case, and the Court adopts and incorporates those facts herein.

This case was initially indicted on February 9, 2016. The 29 count Indictment charged three Defendants, Heather Carr, Mercedes Diaz and Trammel Thomas, with Conspiracy to Defraud the Government with Respect to Claims, Mail Fraud, Wire Fraud, and Aggravated Identity Theft. On October 7, 2016 and December 5, 2016, Defendants Diaz and Carr, respectively, each pled guilty to certain charges, pursuant to plea agreements.

On April 11, 2017, an 8 count Superseding Indictment was returned against Defendants Marcelle Green and Trammel Thomas (the sole remaining Defendant of the three originally charged). Ms. Green is charged with Conspiracy to Defraud the Government with Respect to Claims, and one count of aiding and abetting mail fraud. The conspiracy allegedly spanned the time period of August, 2010 to October 2012.

On May 5, 2017, Defense Counsel for Ms. Green received a thumb drive and two disks containing discovery, along with a printed index of documents provided. The index is 72 pages. According to pleadings filed by Co-Defendants Thomas and Carr, the discovery includes more than 33,000 pages, consisting of witness statements, grant applications, bank records, and other related material. From Defense Counsel's preliminary review, there are also more than 400 pages of grand jury documents and more than 10,000 pages of material recovered from various physical searches, including multiple searches of electronic devices. Many files have attachments, some

4

of which are audio recordings.

Additionally, Ms. Green resides in Arizona, which significantly limits the time Defense Counsel can spend with her in person to review discovery. Also, there is a protective order in effect providing that much of the discovery can only be reviewed with Ms. Green in person, due to privacy interests of the subjects of the discovery. The geographic distance adds to the complex process of discovery review and trial preparation. In order to adequately prepare this case for trial, the Court finds that an additional **190 days** should be excluded from the Speedy Trial Act for these purposes.

The Court relied on the professional experience and judgment of counsel in fashioning a reasonable pretrial scheduling order. Additionally, the Court is sensitive to and mindful of the teachings of relevant case law, including the principles and holdings in *Bloate v. United States*, 559 U.S. 196 (2010)*; United States v. Larson*, 627 F.3d 1198, (10th Cir. 2010); *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009); and *United States v. Williams*, 511 F.3d 1044 (10th Cir. 2007)*.

Based on the relevant record considered as a whole, the Court finds that it would be unreasonable to expect adequate preparation by the Defendants, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 18 U.S.C. § 3161(c). The Court has considered the factors which it must under 18 U.S.C. § 3161(h)(7)(B) (i)-(iv). As required by 18 U.S.C. § 3161(h)(7)(C), the Court has not predicated its ruling on congestion of the Court's calendar or lack of diligent preparation by counsel.

In addition, the Speedy Trial Act excludes "[a] reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). "The general rule is that all defendants who are joined for trial fall within the speedy trial computation of the latest co-defendant." *United States v. Margheim,* 770 F.3d 1312, 1318-19 (10th Cir. 2014) (internal quotation marks omitted; alterations incorporated)).

"In determining whether delay attributable to a co-defendant is reasonable, a court must examine all relevant circumstances." *Id.,* 770 F.3d at 1319 (citing *United States v. Vogl,* 374 F.3d 976, 984 (10th Cir. 2004)). The Tenth Circuit "has articulated three factors to guide district courts in this exercise: '(1) whether the defendant is free on bond, (2) whether the defendant zealously pursued a speedy trial, and (3) whether the circumstances further the purpose behind the exclusion to 'accommodate the efficient use of prosecutorial and judicial resources in trying multiple defendants in a single trial.'" *See id.* (quoting *Vogl*, 374 F.3d at 984) (identifying factors applicable to whether to grant motion to dismiss for unreasonable delay). Here, Defendants Thomas and Green are both free on bond. Defendant Thomas has himself sought to exclude further time and continue the trial setting, and does not object to the exclusion sought by Defendant Green. Setting a single trial for Defendants Thomas and Green will conserve resources in the circumstances of the case, including the fact that Defendant Thomas also resides in Arizona. Therefore all factors favor setting a single trial for Defendants Thomas and Green.

(1) Failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i); and

(2) Even considering due diligence, failure to grant the motion would deny counsel for Defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

(3) An additional **190 days** should be excluded from the computation of the speedy trial time as to Defendant Marcelle Green (4); and

(4) Therefore, the ends of justice served by granting the motion outweighs the best interests of the public and the Defendants in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A); and

(5) This exclusion constitutes "a reasonable period of delay" under 18 U.S.C. § 3161(h)(6) as to Defendant Thomas; and

(6) No Motion for Severance has been filed or granted and Defendant Trammel Thomas (2) will be joined for trial with Defendant Marcelle Green (4); therefore, the speedy trial computation for Defendant Green governs both Defendants and the exclusion granted herein as to Defendant Green will also be excluded from Speedy Trial Act calculation as to Defendant Thomas, pursuant to 18 U.S.C. § 3161(h)(6).

THEREFORE, IT IS HEREBY ORDERED that:

(1) Defendant Green's Amended Unopposed Motion to Vacate Current Deadlines and Court Dates, and to Exclude 190 Days from Speedy Trial Act Calculations (ECF No. 151) is GRANTED;

(2)  **All days from today, to and including November 21, 2017, shall be excluded from the Speedy Trial Clock as to Defendants Trammel Thomas (2) and Marcelle Green (4)**;

(3)  The 4-day Jury Trial set to commence on July 3, 2017 and the Final Trial Preparation Conference set for June 26, 2017 at 3:00 p.m. are hereby **VACATED as to Defendant Green**.  The Court will enter a separate Order resetting the Trial date and related deadlines as to both Defendant Green and Defendant Thomas.

(4)  Defendant Thomas' Unopposed Motion to Vacate Hearing and to Exclude 90 Days from the Requirements of the Speedy Trial Act (ECF No. 126), is DENIED as MOOT.

(5)  Defendant Green's Unopposed Motion to Vacate Current Deadlines and Court Dates, and to Exclude 90 Days from Speedy Trial Act Calculations (ECF No. 147), and Unopposed Motion to Amend Motion to Vacate Current Deadlines and Court Dates, and to Exclude 90 Days from Speedy Trial Act Calculations (Doc. 147) (ECF No. 150) are DENIED as MOOT.

Dated this 15th day of May, 2017.

BY THE COURT:

William J. Martinez
United States District Judge