## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Case No. 16-cr-00054-WJM

UNITED STATES OF AMERICA,

         Plaintiff,

v.

**2.  TRAMMEL THOMAS**

         Defendant

---

## MOTION TO SUPPRESS #1

---

The Defendant through counsel Daniel T. Smith and Thomas E. Goodreid, requests that the Court enter an order suppressing from use at any hearing or trial in this matter any and all evidence seized from the Defendant on or about August 30, 2012,  in Tempe, Arizona.  As grounds therefore the Defendant states as follows:

1. In the early morning hours of August 30, 2012, in the city of Tempe, Arizona, the Defendant was contacted by Officer Seal of the Tempe, Arizona Police Department.  Officer Seal reports that he stopped the Defendant for a "civil traffic violation".

2. After certain conversation between Officer Seal and the Defendant, the Defendant was ordered out of the car and ordered to sit on the curb adjacent to the road on which he was stopped.

3. Further questioning ensued, and at this point K-9 Officer Papke arrived with his dog Neo.  According to Officer Seal's reports, when he initially encountered the Defendant he detected "a distinct odor of intoxicating beverage".  Upon shining his lights on the Defendant, the officer reportedly observed bloodshot and watery eyes.

4. Officer Seal states that his attention was initially drawn to the car that the Defendant was driving because it was "drifting left to right within its lane".

1

5. It is important to note that prior to K-9 Officer Papke's arrival, there is no mention or any indication in Officer Seal's reports of any suspicion of illicit drugs being involved in the situation.

6. Officer Papke reports that upon his arrival he directed his dog "Neo" to walk around the car and the dog "alerted" indicating the presence of a controlled substance. When placed in the car the dog alerted initially on the center console area between the two front seats of the vehicle.

7. When Officer Seal had initially contacted the Defendant, Seal says that he saw a plastic bag in the backseat of the car, which bag, appeared to contain some 50 credit cards. Officer Seal obviously wanted to see the bag and he asked the Defendant to show it to him. Officer Seal reports that the Defendant handed him an empty bag only after placing the bag with the cards on the floorboard of the vehicle.

8. The two Tempe police officers then searched the entirety of the interior of the vehicle. They recovered a glass containing liquid that smelled of alcohol, a small quantity of a green leafy substance and the baggie containing some 52 master card debit/credit cards. The officers also seized a pink Sony Vaio laptop computer.

9. In Officer Seal's report he states that during the search of the interior of the car, he also found a wallet that he believed belonged to the Defendant. It appears from the report, that Officer Seal seized the wallet but did not search its contents at that time.

10. Officer Seal then reports that he placed the Defendant under arrest for possession of marijuana and for having an open container of alcohol in the passenger compartment of a vehicle.

11. Officer Seal then reports that he searched the wallet and seized a credit card in the name of "Manuel Abate".

12. As referenced in paragraph 8 above, on August 30, 2012, a Sony Vaio laptop computer was seized from the vehicle that the Defendant had been driving. Apparently this computer subsequently was stored with the Tempe, Arizona police department.

13. Attached hereto and incorporated herein as Exhibit A, is a copy of the search and seizure warrant, the application and affidavit in support thereof, as well as other associated documents from the  United States District Court for the District of Arizona which, relate, to the laptop computer.  It is stated in attachment A to the search warrant, that the computer was located at the Tempe police department, 120 E. 5th St. Tempe, Arizona.  The application and affidavit as well as the search warrant are dated February 8, 2013, over five months after the seizure.

**ARGUMENT**

14. The Defendant does not challenge the legality of the initial stop.  It is obvious from a review of Officer Seal's report, that based upon the Defendant's operation of the automobile, Officer Seal suspected that the Defendant's conduct was not normal and was being affected in all probability by alcohol. Consistent with this hypothesis,  Officer Seal reports that upon contacting the Defendant,  Seal smelled the odor of alcohol and observed the Defendant's eyes to be bloodshot and watery.

15. It is at this point however, that Officer Seal  abandoned his driving under the influence investigation.  At no time did he ask the Defendant to perform any coordination maneuvers or request to test his breath or blood for alcohol content.  Instead, after observing what he believed to be a large number of credit cards inside the car, Officer Seal's focus changed from the Defendants errant driving to the cards.  Seals asked  the Defendant to give Seals the cards. The Defendant did not comply with the request, so Officer Seal employed his plan B.

16. Officer Papke arrived and immediately the investigation turned to one involving illicit drugs.  Up until this point, there had been no mention nor hint in Officer Seal's reports that he had any indication or reasonable cause to believe illegal drug possession or use was occurring.

17. It is the position of the Defendant that at the point when Officer Seals abandoned his investigation of the driving offense that the continued detention of the Defendant became illegal.

18. It is further the position of the Defendant that Officer Seals' use of the drug detection dog Neo was an illegal effort to try to gain some justifiable reason to search the interior of the car.

19. Warrantless searches are presumptively illegal. See *Arizona v. Gant* 556 U S 332 (2009). When law enforcement has stopped a driver for a suspected traffic violation, the period of time to conclude that matter has been determined to be a reasonable detention period.   However once the purpose for which the stop was initiated has been completed or reasonably should have been completed, the detention should cease. *U.S. v. Caballes* 125 S.Ct. 834 (2005)

20. In this instance, once the legal justification for the stop having expired the ensuing search was a violation of the Defendant's 4th Amendments rights. *Rodriquez v. U.S.* 135 S.Ct. 1609 (2015) and *U.S. v. Hawley* 660 Fed. Appx. 702 (10th Cir. 2016).

21. As previously referenced in paragraphs 8,12, and 13, the Tempe police also seized the Sony Vaio laptop computer at the time of the car search.  For the reasons previously stated, that seizure was illegal and thus its retention by the Tempe police department for some five plus months was also illegal.

22. The fact that federal agents in February of 2013 obtained a search warrant for the laptop (Exhibit A), does nothing to remove the taint that emanated from the original seizure.  The original taking was illegal and no subsequent actions can cure that illegality. *Wong Sun v. U.S.* 83 S.Ct. 87 (1963).

The Defendant requests that the Court schedule an evidentiary hearing prior to trial in this matter where the government   produce its witnesses to the above detention and search and where the Defendant can challenge that evidence.

Dated this 20th  day of, October , 2017

s/ Daniel T. Smith
Daniel T. Smith
1900 Grant St. #580
Denver, Colorado 80203
Telephone: 303 860 8100
Fax: 303 860 8018
danieltsmith@qwestoffice.net

Thomas Edward Goodreid
1801 Broadway #1400
Denver, Co. 80202
303 296 2048
303 292 0522
Email: t.goodreid@comcast.net
Attorneys for Tramell Thomas

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 20th, 2017 the foregoing **MOTION TO SUPPRESS #1** was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of said filing to all counsel of record:

s/ Daniel T. Smith