**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 16-cr-054-2-WJM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

**Trammel Thomas**

      Defendant.

*Final Set of [read]
Instructions to Jury on 30 Nov 2017
at 09:48
WJM*

---

### FINAL JURY INSTRUCTIONS

---

### PART I: GENERAL INSTRUCTIONS & EVIDENTIARY CONSIDERATIONS

Members of the Jury:

    In any jury trial there are, in effect, two judges.   I am one of the judges, you are the other.   I am the judge of the law.   You, as jurors, are the judges of the facts.   I presided over the trial and decided what evidence was proper for your consideration.   It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

    In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every criminal case—for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses.   Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return.   These instructions will be given to you for use in the jury room, so you

need not take notes.[1]

---

[1] 10th Cir. Pattern Crim. Jury Instr. § 1.03; Stipulated Instruction No. 2 (ECF No. 201 at 7).

## **JURORS' DUTIES**

In determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.   You must not substitute or follow your own notion or opinion as to what the law is or ought to be.   It is your duty to apply the law as I explain it to you, regardless of the consequences. However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be.   That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy.   That was the promise you made and the oath you took.[2]

---

[2]  10th Cir. Pattern Crim. Jury Instr. § 1.04; Stipulated Instruction No. 3 (ECF No. 201 at 5.)

## **PRESUMPTION OF INNOCENCE—BURDEN OF PROOF—REASONABLE DOUBT**

The government has the burden of proving the defendant guilty beyond a reasonable doubt.   The law does not require a defendant to prove his innocence or produce any evidence at all.   The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the defendant not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt.   There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.   A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case.   If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crimes charged, you must find him guilty.   If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.[3]

---

[3]  10th Cir. Pattern Crim. Jury Instr. § 1.05; Stipulated Instruction No. 4 (ECF No. 201 at 9).

## EVIDENCE — DEFINED

You must make your decision based only on the evidence that you saw and heard here in court.   Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations to which the lawyers agreed.

Nothing else is evidence.   The lawyers' statements and arguments are not evidence.   Their questions and objections are not evidence.   My legal rulings are not evidence.   And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked.   I also ruled that you could not see some of the exhibits that the lawyers or parties wanted you to see.   You must completely ignore all of these things.   Do not even think about them.   Do not speculate about what a witness might have said or what an exhibit might have shown.   These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.[4]

---

[4]  10th Cir. Pattern Crim. Jury Instr. § 1.06; Stipulated Instruction No. 5.

## LAWYERS' OBJECTIONS

The lawyers for the government and the lawyers for the defendant objected to some of things that were said or done during the trial.   Do not hold that against either side.   The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.   Those rules are designed to make sure that both sides receive a fair trial.

Do not interpret my rulings on their objections as any indication of how I think the case should be decided.   My rulings were based on the rules of evidence, not on how I feel about the case.   Remember, your verdicts must be based only on the evidence that you saw and heard here in court.[5]

---

[5] Stipulated Instruction No. 7, *see generally* 10th Cir. Pattern Crim. Jury Instr. § 1.01; Pattern Crim. Jury Instr. 6th Cir. § 1.09.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case.   One is direct evidence, such as the testimony of an eyewitness.   The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence.   The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience.   An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.[6]

---

[6]  10th Cir. Pattern Crim. Jury Instr. § 1.07; Stipulated Instruction No. 6.

## USE OF TRANSCRIPTS

During this trial you viewed a transcript of the audio recording of a traffic stop. Keep in mind that the transcript is not evidence. The transcript was shown to you only as a guide to help you follow what was being said.   The recording itself is the evidence.   If you noticed any differences between what you heard on the recording and what you read in the transcript, you must rely on what you heard, not what you read. If you could not hear or understand certain parts of the recordings, you must ignore the transcript as far as those parts are concerned.[7]

---

[7] Stipulated Instruction No. 8 (modified); 10th Cir. Pattern Crim. Jury Instr. § 1.40.

## CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt.   In doing so, you must consider all of the evidence.   This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony.   An important part of your job will be making judgments about the testimony of the witnesses who testified in this case.   You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was.   In making that decision, I suggest that you ask yourself a few questions:

- Did the witness impress you as honest?
- Did the witness have any particular reason not to tell the truth?
- Did the witness have a personal interest in the outcome in this case?
- Did the witness have any relationship with either party?
- Did the witness seem to have a good memory?
- Did the witness clearly see or hear the things about which he/she testified?
- Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?
- Did the witness's testimony differ from the testimony of other witnesses?

When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail.   And you should keep in mind that innocent misrecollection—like failure of recollection—is not uncommon.

In reaching a conclusion on particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.[8]

---

[8] 10th Cir. Pattern Crim. Jury Instr. § 1.08 & § 1.08.1 (did not testify); Stipulated Instruction No. 8.

## WITNESS USE OF ADDICTIVE DRUGS

The testimony of a drug abuser must be examined and weighed by the jury with greater caution than the testimony of a witness who does not abuse drugs.

Christine Duncan may be considered to be an abuser of drugs.

You must determine whether the testimony of this witness has been affected by the use of drugs or the need of drugs.[9]

---

[9] 10th Cir. Pattern Crim. Jury Instr. § 1.16; Stipulated Instruction No. 11.

**EXPERT WITNESS**

During the trial you heard the testimony of Alison Stailey who expressed opinions concerning computer forensic analysis.   In some cases, such as this one, scientific, technical, or other specialized knowledge may assist the jury in understanding the evidence or in determining a fact in issue.   A witness who has knowledge, skill, experience, training or education, may testify and state an opinion concerning such matters.

You are not required to accept such an opinion.   You should consider opinion testimony just as you consider other testimony in this trial.   Give opinion testimony as much weight as you think it deserves, considering the education and experience of the witness, the soundness of the reasons given for the opinion, and other evidence in the trial.[10]

---

[10]  Stipulated Instruction No. 12, based on 10th Cir. Pattern Crim. Jury Instr. § 1.17.

## NON-TESTIFYING DEFENDANT

The defendant did not testify and I remind you that you cannot consider his decision not to testify as evidence of guilt    You must understand that the Constitution of the United States grants to a defendant the right to remain silent.   That means the right not to testify.   That is a constitutional right in this country, it is very carefully guarded, and you must not presume or infer guilt from the fact that a defendant does not take the witness stand and testify or call any witnesses.[11]

---

[11]  Stipulated Instruction No. 13; 10th Cir. Pattern Crim. Jury Instr. § 1.08.1.

## COOPERATING WITNESS

The government called as a witness an alleged coconspirator, Ms. Marcelle Green, who was named as a codefendant in the Superseding Indictment.   The government has entered into a plea agreement with Ms. Green providing for the dismissal of some charges and a recommendation of a lesser sentence than she would otherwise likely receive.   Plea bargaining is lawful and proper.   In fact, the rules of this Court expressly provide for it.

An alleged coconspirator, including Marcelle Green, who entered into a plea agreementwith the government, is not prohibited from testifying.   On the contrary, the testimony of an alleged coconspirator may, by itself, support a guilty verdict.   You should receive this type of testimony with caution and weigh it with great care.   You should never convict a defendant upon the unsupported testimony of an alleged accomplice, unless you believe that testimony beyond a reasonable doubt.   The fact that an alleged co-conspirator has entered a guilty plea to the offense charged is not evidence of the guilt of any other person.

Stipulated Instr. No. 14; 10th Cir. Pattern 1.15

14

## WITNESS TESTIFYING UNDER GRANT OF IMMUNITY

The Government called Kimmisha Mullett to the stand.   The Government entered into a non-prosecution agreement providing that it will not prosecute Ms. Mullett for her involvement in a fraud scheme.

A person may testify under a grant of immunity (an agreement with the government).   Her testimony alone, if believed by the jury, may be of sufficient weight to sustain a verdict of guilt even though it is not corroborated or supported by other evidence.   You should consider testimony given under a grant of immunity with greater care and caution than the testimony of an ordinary witness.   You should consider whether testimony under a grant of immunity has been affected by the witness's own interest, the government's agreement, the witness's interest in the outcome of the case, or by prejudice against the defendant.

On the other hand, you should also consider that an immunized witness can be prosecuted for perjury for making a false statement. After considering these things, you may give testimony given under a grant of immunity such weight as you feel it deserves.

You should not convict a defendant based on the unsupported testimony of an immunized witness, unless you believe the unsupported testimony beyond a reasonable doubt.[13]

---

[13] 10th Cir. Pattern Crim. Jury Instr. § 1.14; adopted pursuant to discussion at charging conference

## IMPEACHMENT BY PRIOR INCONSISTENCY

You have heard the testimony of one or more witnesses who, before this trial, made statements that may be different from their testimony here in court.

These earlier statements were brought to your attention only to help you decide how believable these witnesses' testimony was in this trial.   You cannot use these statements as proof of anything else.   You can only use them as one way of evaluating their testimony here in court.[14]

---

[14] 10th Cir. Pattern Crim. Jury Instr. § 1.10; Stipulated Instruction No. 15.

## **IMPEACHMENT BY PRIOR CONVICTION**

The testimony of a witness may be discredited or impeached by showing that the witness previously has been convicted of a felony, that is, of a crime punishable by imprisonment for a term of years.   A prior conviction does not mean that a witness is not qualified to testify, but is merely one circumstances that you may consider in determining the credibility of the witness.   You may decide how much weight to give any prior felony conviction that was used to impeach a witness.[15]

---

[15] Pattern Crim. Jury Instr. 10th Cir. § 1.12 (2011 ed. Updated Jan. 2017); Stipulated Instruction No. 16.

## "ON OR ABOUT"

You will note that the Superseding Indictment charges that the crimes were committed on or about certain dates.   The government must prove beyond a reasonable doubt that the defendant committed the crimes reasonably near those dates.[16]

---

[16] Pattern Crim. Jury Instr. 10th Cir. § 1.18; Stipulated Instruction No. 17.

## CONSIDER ONLY CRIMES CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged.   The defendant is not on trial for any act, conduct, or crime not charged in the Superseding Indictment.

It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crimes charged.   The fact that another person also may be guilty is no defense to a criminal charge.

The question of the possible guilt of others should not enter your thinking as you decide whether this defendant has been proved guilty of the crimes charged.[17]

---

[17] Pattern Crim. Jury Instr. 10th Cir. § 1.19; Stipulated Instruction No. 18.

## CAUTION – PUNISHMENT

If you find the defendant guilty, it will be my duty to decide what the punishment will be.   You should not discuss or consider the possible punishment in any way while deciding your verdict.[18]

---

[18] 10th Cir. Pattern Crim. Jury Instr. § 1.20; Stipulated Instruction No. 19.

## **AND/OR**

Some of the counts of the Superseding Indictment accuse the defendant of violating a statute in more than one way.   In other words, the Superseding Indictment alleges that statute was violated by various acts that, in the Superseding Indictment, are joined by the word "and," while the statute and the elements of the offense are stated using the word "or."   In these instances, it is sufficient for a finding of guilt if the evidence establishes beyond a reasonable doubt the violation of the statute by any one of the acts charged.[19]

---

[19] *United States v. Iverson,* 818 F.3d 1015, 1026 (10th Cir.), *cert. denied,* 137 S. Ct. 217 (2016); Stipulated Instruction No. 20.

## PART II:   ELEMENTS OF CRIMES CHARGED

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case.   Now I will explain the elements of the crimes with which the defendant is charged.

## SEPARATE CRIMES

A separate crime is charged in each count of the Superseding Indictment.   You must separately consider the evidence on each count and return a separate verdict.

Your verdict as to any one count, whether it is guilty or not guilty, should not influence your verdict as to any other count.[20]

---

[20] 10th Cir. Pattern Crim. Jury Instr. § 1.22; Stipulated Instruction No. 21.

## CONSPIRACY TO FILE FALSE CLAIMS

The Superseding Indictment charges in Count One a violation of a federal statute known as Title 18, United States Code, Section 286.   That statute prohibits

> . . . enter[ing] into any agreement, combination, or conspiracy to defraud the United States, or any department or agency thereof, by obtaining or aiding to obtain the payment or allowance of any false, fictitious or fraudulent claim.

To find the defendant guilty of this crime, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt:

*First*:   The defendant agreed with at least one other person to obtain or aid in obtaining the payment or allowance of any false, fictitious, or fraudulent claim;

*Second*:   The defendant knew the essential objective of the conspiracy;

*Third*:   The defendant knowingly and voluntarily participated; and

*Fourth*:   There was interdependence among the members of the conspiracy; that is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged.[21]

---

[21]  Stipulated Instruction No. 22; 10th Cir. Pattern Crim. Jury Instr. § 2.19 (2011 ed. Updated Jan. 2017) (modified for § 286 and to remove overt act requirement); *see Whitfield v. United States,* 543 U.S. 209, 215 (2005) (refusing to add overt act requirement where statutory text does not explicitly require one); *United States v. Dedman,* 527 F.3d 577, 594 n.7 (6th Cir. 2008) (holding that § 286 has no overt act requirement); *United States v. Lanier,* 920 F.2d 887, 892 (11th Cir. 1991) (same); *accord* [21] 1-18 *Modern Federal Jury Instructions—Criminal* ¶ 18.01 (Matthew Bender) ("If a section 286 conspiracy offense is charged . . . the instructions should incorporate the general conspiracy instructions relevant to 18 U.S.C. § 371 as part of the charge. * * * However, the court should not instruct the jury that an overt act is an element of the offense.").

## CONSPIRACY

A conspiracy is an agreement between two or more persons to accomplish an unlawful purpose. It is a kind of "partnership in criminal purposes" in which each member becomes the agent or partner of every other member.   The evidence may show that some of the persons involved in the alleged conspiracy are not on trial.   This does not matter.   There is no requirement that all members of a conspiracy be charged or tried together in one proceeding.

The evidence need not show that the members of the alleged conspiracy entered into an express or formal agreement.   Nor does the law require proof that the members agreed on all the details. But the evidence must show that the members of the alleged conspiracy came to a mutual understanding to try to accomplish a common and unlawful plan.

If you are convinced that the charged conspiracy existed, then you must next determine whether the defendant was a member of that conspiracy, that is, whether the defendant knew at least the essential goals of the conspiracy and voluntarily chose to be part of it.   The law does not require proof that the defendant knew all the other members of the conspiracy or knew all the details about how activities were to be carried out.   A person may belong to a conspiracy for a brief period of time or play a minor role.   On the other hand, proof is not sufficient if it merely shows that the defendant knew about the existence of the conspiracy or was associated with members of the conspiracy.   Rather, the evidence must show the defendant knowingly joined the conspiracy with the intent to advance its purposes.

You are also required to find that interdependence existed among the members of

the conspiracy.   This means that the members intended to act for their shared mutual benefit.   To satisfy this element, you must conclude that the defendant participated in a shared criminal purpose and that his actions constituted an essential and integral step toward the realization of that purpose.[22]

---

[22] 10th Cir. Pattern Crim. Jury Instr. § 2.87 (2011 ed. Updated Jan. 2017) (adapted); Stipulated Instruction No. 23.

## **"KNOWINGLY"**

The word "knowingly" means that an act was done voluntarily and intentionally, and not because of mistake or accident.[23]

---

[23] 10th Cir. Pattern Crim. Jury Instr. § 1.37 (modified); Stipulated Instruction No. 24.

## PROOF OF KNOWLEDGE OR INTENT

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind.   In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made, or acts done, by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.   It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.[24]

---

[24]  1A Kevin F. O'Malley, *et al.*, *Federal Jury Practice & Instructions—Criminal* § 17:07 (6th ed. 2015; August 2017 update) ("Fed. Jury Prac. & Instr.").

## AIDING AND ABETTING MAIL FRAUD

Counts Two through Seven of the Superseding Indictment charge the defendant with violating Title 18, United States Code, Section 2.   That statute makes it a crime intentionally to help someone else commit a crime.   The statute provides in pertinent part as follows:

> Whoever . . . aids, abets, counsels, commands, induces or procures [the] commission [of an offense against the United States] . . . [shall commit an offense against the United States.]

The Superseding Indictment charges the defendant with aiding and abetting others with respect to committing mail fraud.   This law makes it a crime to use the mails in carrying out a scheme to defraud.   A scheme to obtain money or property by means of false or fraudulent pretenses, representations, or promises is a specific type of scheme to defraud.   This crime is based upon a federal statute known as Title 18, United States Code, Section 1341, which provides in pertinent part as follows:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises . . . . for the purpose of executing such scheme or artifice or attempting so to do . . . places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service . . .or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail . . . according to the direction thereon, or at a place at which it is directed to be delivered by the person to whom it is address, any such matter or thing [shall commit an offense against the United States.][25]

---

[25]  18 U.S.C. §§ 2 & 1341; Stipulated Instruction No. 26.

## AIDING AND ABETTING — ELEMENTS

To find the defendant guilty of aiding and abetting mail fraud as charged in Counts 2 through 7 of the Superseding Indictment, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt for each count:

*First:*   someone else committed the charged crime, and

*Second:*   the defendant intentionally associated himself in some way with the crime and intentionally participated in it as he would in something he wished to bring about.   This means that the government must prove that the defendant consciously shared the other person's knowledge of the underlying criminal act and intended to help him or her.

The defendant need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its commission to be guilty of aiding and abetting. But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough.   Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.[26]

---

[26] 10th Cir. Pattern Crim. Jury Instr. § 2.06; Stipulated Instruction No. 27.

## AIDING AND ABETTING MAIL FRAUD — ELEMENTS

To find that "someone else" committed the crime of mail fraud — the first element of aiding and abetting — you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:   a person or persons other than the defendant devised or intended to devise a scheme to defraud the United States Department of Education by making false and fraudulent representations regarding the eligibility of prison inmates for student financial aid, as alleged in the Superseding Indictment;

*Second*:   a person or persons other than the defendant acted with specific intent to defraud;

*Third*:   a person or persons other than the defendant caused another person to mail something through the United States Postal Service for the purpose of carrying out the scheme;

*Fourth*, the scheme employed false or fraudulent pretenses, representations, or promises that were material.

A "scheme to defraud" is conduct intended to or reasonably calculated to deceive persons of ordinary prudence or comprehension.

An "intent to defraud" means an intent to deceive or cheat someone.

A representation is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity.   A representation would also be "false" when it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with intent to defraud.

A false statement is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed.

What must be proven beyond a reasonable doubt is that a person or persons other than the defendant devised or intended to devise a scheme to defraud that was substantially the same as the one alleged in the Superseding Indictment, and that the use of the mails was closely related to the scheme, in that a person or persons other than the defendant caused something to be mailed in an attempt to execute or carry out the scheme.   To "cause" the mails to be used is to do an act with knowledge that the use of the mails will follow in the ordinary course of business or where such use can reasonably be foreseen even though a person or persons other than the defendant did not intend or request the mails to be used.[27]

---

[27] 10th Cir. Pattern Crim. Jury Instr. § 2.56; Stipulated Instruction No. 28.

### INDICTMENT NOT EVIDENCE

An indictment is only a formal method used by the government to accuse a defendant of a crime.   It is not evidence of any kind against the defendant.   The defendant is presumed to be innocent of the crimes charged.

The defendant has pleaded "Not Guilty" to the Superseding Indictment and therefore, denies that he is guilty of the charges contained in the Superseding Indictment.[28]

---

[28] 1A *Fed. Jury Prac. & Instr.* § 13:04; Stipulated Instruction No. 29.

## PART III:   DELIBERATION AND JURY FORM

That concludes my part of the instructions explaining the law that applies in this case.   Now let me finish up by explaining some things about your deliberations in the jury room and your possible verdicts.

## DUTY TO DELIBERATE

After the parties' closing statements, the bailiff will escort you to the jury room, where each of you will have a copy of the instructions that I have just read.   Any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.   The second thing you should do is review the instructions.   Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations.   Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.

To reach a verdict, whether it is guilty or not guilty, all of you must agree.   Your verdict must be unanimous on each count of the indictment.   Your deliberations will be secret.   You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so.   Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.   During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you

were wrong.   But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

A form of verdict has been prepared for your convenience.

**[Explain the Verdict Form]**

After you have deliberated and consulted with each other, the foreperson will write the unanimous answer of the jury in response to each question on the Verdict Form and sign it.

Only one copy of ~~each~~ the Verdict Form will be provided to you.   If you make an error on ~~either~~ the form, please tell the bailiff.   The bailiff will destroy the erroneous form and a blank form will be provided.[29]

---

[29]  10th Cir. Pattern Crim. Jury Instr. § 1.23; Stipulated Instruction No. 30.

## **COMMUNICATION WITH THE COURT**

If you want to communicate with me at any time during your deliberations, please write down your message or question and give it to the bailiff, who will bring it to my attention.   I will respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally.   I caution you, however, that with any message or question you might send, you should not tell me any details of your deliberations or indicate how many of you are voting in a particular way on any issue.

Let me remind you again that nothing I have said in these instructions, nor anything I have said or done during the trial was meant to suggest to you what I think your decision should be.   That is your exclusive responsibility.[30]

---

[30]  10th Cir. Pattern Crim. Jury Instr. § 1.44; Stipulated Instruction No. 31.

## PART IV:   THE SUPERSEDING INDICTMENT

[*In cases with lengthy indictments, the Indictment will be provided to the jury in hard copy form at this place in the instructions, but is not read to the jury by the Court.*][31]

## THE SUPERSEDING INDICTMENT

The Superseding Indictment reads in pertinent part as follows:

## Count 1
## Conspiracy to Defraud the Government with Respect to Claims

1.      At all times relevant to this Superseding Indictment:

a.      The United States Department of Education (the Department) was an agency of the United States government. The Department's responsibilities included overseeing the administration of federal student assistance programs, including financial aid programs designed to assist qualified students with paying for college. These financial aid programs included both grant and loan programs.

b.      In order to qualify as recipients/borrowers for these financial aid programs, students were required to, among other things, certify that the funds borrowed would be used for authorized educational purposes.

c.      Students generally began the process of applying for federal financial aid by completing and submitting the Free Application for Federal Student Aid (FAFSA). The FAFSA required identifying information such as a student's name, date of birth, address, Social Security number, telephone number, and e-mail address. After processing, the information from the FAFSA was sent to the schools designated by the applicant.

d.      Once awarded financial aid, and after a student enrolled at a particular school, financial aid funds were disbursed from the Department to the

---

[31]  ECF No. 131; Stipulated Instruction No. 32

school in the student's name. Those funds were applied to tuition, fees, and other educational expenses the student owed to the school. Any funds in excess of the amount owed were then "refunded" to the student.

      e.     The Department and community colleges within the State and District of Colorado worked with a company called Higher One to deliver "refunds" of federal financial aid to students. Refund amounts were placed into accounts in the students' names maintained by Higher One. Students accessed these refunds through the accounts and debit cards issued and mailed to them by Higher One.

      f.     The Colorado Community College System (CCCS) included several different schools, such as Pikes Peak Community College, Red Rocks Community College, and Pueblo Community College. CCCS operated a website at www.ccconline.org, sometimes referred to as "Colorado Community Colleges Online," allowing a prospective student to create an online account by entering information such as name, address, e-mail address, telephone number, and Social Security number. A prospective student could then use that information to apply to the various schools in the CCCS. The schools within the CCCS allowed any person who met certain minimum criteria (e.g., having a high school diploma or GED) to enroll and attend classes.

      g.     After a student enrolled at a particular CCCS school, the student could then use Colorado Community Colleges Online to take various online distance-learning courses offered by that particular school.

      h.     LexisNexis maintained an electronic database called "Accurint," containing personally identifiable information, including Social Security numbers, for individuals throughout the country. To access Accurint, an individual needed a subscription and a username and password.

      i.     Several state departments of corrections maintained publicly accessible inmate locator websites so members of the public could search for

individuals held in custody. A person could search using an inmate's name, or a portion thereof. Inmate locator websites also displayed the inmate's date of birth.

2.    Beginning in or about August 2010, and continuing until in or about October 2012, in the State and District of Colorado and elsewhere, Defendants TRAMMEL THOMAS and MARCELLE GREEN, along with co-conspirators Heather Carr and Mercedes Diaz (collectively, "the conspirators"), knowingly agreed, combined, and conspired with each other to defraud an agency of the United States by obtaining and aiding to obtain the payment and allowance of false and fraudulent claims by submitting false claims for federal student aid to the U.S. Department of Education.

3.    The conspiracy was accomplished, in part, through the following manner and means:

a.    The conspirators obtained names and dates of birth for inmates by searching inmate locator websites. Using the Accurint database, conspirators then obtained the social security number of a particular inmate.

b.    The conspirators then applied for federal student assistance funds in the names of inmates and using the inmates' social security numbers. The conspirators prepared and submitted FAFSAs that contained materially false representations about the identity of the person submitting the application, the address of the purported applicant, and the purported applicant's intent to attend college. These false representations supported improper determinations by the Department that the purported applicants were eligible to receive financial aid.

c.    The conspirators also applied for admission to schools within the CCCS and elsewhere, using the identities of the inmates in whose name they had applied for federal student assistance funds. The applications contained false information regarding the purported applicants' mailing addresses. Instead of listing the purported applicant's actual address at a prison or jail, the applications typically

39

listed an address from which the conspirators could obtain the mail.

       d.     The conspirators convinced other individuals, known and unknown to the Grand Jury, to receive mail in the names of purported students so the conspirators could obtain the mail.

       e.     Higher One accounts were created in the names of the purported applicants after financial aid funds were disbursed to the community colleges in the purported applicants' names. Funds were deposited into these accounts and Higher One debit cards intended for the purported applicants were then mailed to the addresses provided by the conspirators. Through the debit cards and associated Higher One accounts, the conspirators used the funds for their own purposes.

       f.     Often, schools would not release financial aid refunds without some confirmation that the student was attending classes. In such cases, the conspirators would sign into online courses to make it appear as if the purported student was in fact attending courses to obtain financial aid funds meant for that purported student.

       4.        During the course of the conspiracy, the conspirators were involved in submitting more than 180 false FASFAs to the Department seeking approximately $1.3 million in federal financial aid funds. The Department disbursed more than $550,000 as a result of the conspirators' false claims.   Of this amount, more than $415,000 in refunds were deposited in purported students' accounts and on debit cards. The conspirators shared in these proceeds.

### Counts 2-7
**Aiding and Abetting Mail Fraud Trammel Thomas**

       5.     Paragraphs 1 and 3 (including the subparagraphs) are incorporated herein as if fully set forth.

       6.     Beginning in or about August 2010, and continuing until in or about October 2012, the conspirators devised and intended to devise a scheme and artifice

to defraud the U.S. Department of Education as set forth in Paragraph 3 above ("the scheme") by obtaining money by means of false and fraudulent pretenses, representations, and promises in connection with applications for federal financial aid.

7.      Between on or about the dates listed below for each count, in the State and District of Colorado, for the purpose of executing the scheme, Defendant TRAMMEL THOMAS knowingly caused and aided and abetted another who knowingly caused to be delivered by United States mail addressed to the purported student at the address listed below, according to the direction thereon, an envelope containing a Higher One debit card:

| Count | Dates | Card Number (Last Four Digits) | Purported Student | Address Where Sent |
|---|---|---|---|---|
| 2 | Feb. 8-22, 2011 | 5158 | I.O | 3820 Radiant Dr.; Apt. 239; Colorado Springs, Co |
| 3 | Aug. 11 – Oct. 15, 2011 | 2903 | V.J. | 1418 Rushmore Dr. Colorado Springs, CO |
| 4 | Aug. 11 – Oct. 3, 2011 | 8668 | R.P. | 1418 Rushmore Dr. Colorado Springs, CO |
| 5 | Aug. 29–Nov. 9, 2011 | 0165 | E.J. | 1418 Rushmore Dr.; Colorado Springs, CO |
| 6 | June 26–July 7, 2012 | 7111 | D.M. | 1112 Meadow Oaks Dr.; Colorado Springs, CO |
| 7 | July 18–26, 2012 | 6173 | M.A. | 1112 Meadow Oaks Dr.; Colorado Springs, CO |

All in violation of 18 U.S.C. §§ 1341 and 2.