IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 16-cr-00054-WJM-2

UNITED STATES OF AMERICA,

Plaintiff,

v.

2.   TRAMEL THOMAS,

   Defendant.

### DEFENDANT THOMAS'S SENTENCING STATEMENT

Defendant Tramel Thomas, through counsel, pursuant to D.C.COLO.LCrR 32.1 and to the 8 January 2018 Order of this Court, makes the following sentencing statement, in response to the Government's 29 December 2017 sentencing statement [#262].

As a result of the four day jury trial held before this Court from 27 November 2017 through 30 November 2017, Mr. Thomas stands convicted of the one count of conspiracy to defraud the Government and the six counts of aiding and abetting mail fraud, which are set forth in the Superseding Indictment.  These are serious crimes and Mr. Thomas is preparing to face the consequences of his unlawful behavior in participating in the student loan fraud scheme.  However, the Defendant strenuously objects to the Government's attempts in its sentencing statement to portray him as a pimp engaging in armed robbery and as a rapist in order to inflame the sensibilities of this Court and thereby to have the Court maximize Mr. Thomas's punishment.

The Government describes an armed robbery that putatively occurred at an

unnamed location in Colorado Springs more than seven years ago. The Government contends that Mr. Thomas committed this robbery, based upon statements apparently made by "Victim 2" shortly after the robbery. As the Government notes, "[t]he Colorado Springs Police Department ('CSPD') investigated" the matter and in January 2011, Mr. Thomas was arrested in connection with that investigation, as well as on charges related to alleged pimping.

He then spent the next ten months in the El Paso County Jail. By late spring or early summer of 2011, though, the charges were dismissed because the District Attorney's Office had determined that it could not prove its case, although Mr. Thomas remained in jail until November, 2011, because of a probation hold that also then was dropped. As a result, Mr. Thomas was released from custody, and the robbery and pimping charges were not reinstated against him thereafter. The statute of limitations on the would-be robbery and pimping has long since run.

Apparently dissatisfied with that result, however, the prosecution in this white collar case now seeks seven years later to, in effect, penalize Mr. Thomas for the commission of alleged crimes that the authorities at the time could not establish. Local law enforcement in 2010 and 2011 had access to the immediate evidence and to apparent witnesses, whose recollections then were fresh, but said law enforcement could not make their case. The manifest unfairness of the federal Government (a polity that, indeed, would have had no jurisdiction to prosecute the matter even at the

time) attempting to resurrect the matter now should be readily apparent.[1]

The Government's citation to <u>United States v. Rodriguez-Felix</u>, 450 F.3d 1117 (10th Cir. 2006), *cert. denied,* 549 U.S. 968 (2006), as putative authority for the Court to weigh at sentencing evidence of Mr. Thomas's supposed raping, robbery, and pimping is misplaced.   <u>Rodriguez-Felix</u> was a case where the district court had attributed the weight of the drugs in non-charged narcotics deals to the defendant who was indicted on drug distribution charges. *Id.*, at 1131.   In that context, the 10th Circuit ruled that a district court may "enhance a defendant's sentence using uncharged conduct proven to the court by a preponderance of the evidence.   *See, United States v. Garcia,* 411 F.3d 1173, 1177 (10th Cir. 2005) . . ." *Id.*

<u>Garcia</u>, for its part, held that:

> Relevant uncharged conduct must be proven by a preponderance of the evidence. . . This court has broadly construed the meaning of relevant conduct. . . Relevant conduct consists of "all acts or omissions ... ***that were part of the same course of conduct or common scheme or plan as the offense of conviction***."
> U.S.S.G. § 1B1.3(a)(2).

411 F.3d 1173, 1177 (10th Cir. 2005) (emphasis added).   It is beyond cavil that here, the alleged raping, robbery, and pimping, even if they had occurred, had nothing whatsoever to do with the mail fraud and conspiracy charges in this case, of which Mr. Thomas stands

---

[1] This argument applies with even more force to the allegation of gang rape now made against Mr. Thomas, apparently by "Victim 2".   Mr. Thomas, who vociferously denies this allegation, was never charged with such a crime, nor to his knowledge, was he ever investigated for such a crime.   It is worth recalling that his apparent accuser, "Victim 2", testified at the trial in this case that she was so high on methamphetamine during this period of her life that she could barely remember anything coherently from that time.

convicted.   As such, Mr. Thomas respectfully suggests that the focus of his sentencing should be on the facts and circumstances of this case and not upon unrelated, unproven, putative criminal conduct which supposedly occurred seven or eight years ago.[2]

To this suggested end, Mr. Thomas has already been interviewed by U.S. Probation as part of the presentence investigation process.   The defense anticipates that the PSIR will address each of the 18 U.S.C. § 3553(a) factors, including the Guidelines calculations.   Mr. Thomas will respond as necessary thereto.   At this juncture, Mr. Thomas simply advises the Court, as a preliminary matter, that he disputes the Government's Guidelines calculations in a number of respects, including the loss amount, the proposed obstruction of justice enhancement, and his role in the offense.

---

2 However, to the extent that the Court intends to indulge the Government's stated desire to put on two and one half hours of testimony, apparently relating to robbery, rape, and pimping, the defense asks for detailed, advance notice of the identities of Government witnesses and their planned testimony so that Mr. Thomas and his attorneys properly may be prepared to address same.

Dated this 26th day of January, 2018.

Respectfully submitted,

s/Thomas E. Goodreid
Thomas E. Goodreid
Attorney at Law
1801 Broadway, Suite 1400
Denver, CO   80202
(303) 296-2048x.136
t.goodreid@comcast.net

Daniel T. Smith
4582 S. Ulster #1400
Denver, CO   80237
Telephone:   303-860-8100
Fax:   303-860-8018
danieltsmith@qwestoffice.net

Attorneys for Defendant Tramel Thomas

## CERTIFICATE OF SERVICE

I certify that on this 26th day of January, 2018, I electronically filed the foregoing **DEFENDANT THOMAS'S SENTENCING STATEMENT** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

s/Thomas E. Goodreid
Thomas E. Goodreid
Attorney at Law
1801 Broadway, Suite 1400
Denver, CO   80202
(303) 296-2048x.136
t.goodreid@comcast.net
Attorney for Defendant Tramel Thomas