**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No.  16-cr-00054-WJM-02

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2.    TRAMMEL THOMAS,

    Defendant.

**GOVERNMENT'S RESPONSE TO DEFENDANT
THOMAS'S SENTENCING STATEMENT**

The United States of America (the government), by Robert C. Troyer, United States Attorney, through Martha A. Paluch and Bryan D. Fields, Assistant United States Attorneys, respectfully submits this response in opposition to Defendant Tramell Thomas's Sentencing Statement (ECF No. 318).

**I.    The Defendant has been Provided With Records Relating to the Other Crimes He Committed While He Was Defrauding the Department of Education**

The defendant objects to the government's request that the Court consider his past criminal conduct in fashioning an appropriate sentence under 18 U.S.C. § 3553(a). Specifically, the defendant challenges the government's reliance upon "an armed robbery that putatively occurred at an unnamed location in Colorado Springs more than seven years ago."  ECF 318 at 1-2.  To the extent the defendant is implying he was not provided with the documents related to this offense, that is incorrect.  The government provided over fifty pages of discovery related to the defendant's arrest on armed

1

robbery and pimping charges. MOA_00000550 through MOA_00000602. These records, which include police reports and the affidavit for the defendant's arrest warrant, are attached hereto as Attachment A. These documents detail the location of both offenses (the Residence Inn on North Academy Boulevard in Colorado Springs), and the dates of these offenses (armed robbery on November 11, 2010, and pimping on January 27, 2011). The defendant was detained at the El Paso County Jail for most of 2011 on these charges. Rather than having the government explain to the jury the circumstances of the charges upon which the defendant was detained, the defendant stipulated prior to trial to the dates of his confinement in the El Paso County Jail. Gov't Ex. 35.

## II. Information About Other Crimes Committed by the Defendant While He Was Defrauding the Department of Education is Vital to the Court's Task of Fashioning a Just Sentence

The law requires the Court to consider difficult questions as part of the sentencing process. What is the history of this defendant? What are his characteristics? What kind of sentence might specifically deter him from committing future crimes? What kind of sentence will protect the public?

The defendant's response essentially asks the Court to answer these weighty questions while turning a blind eye towards evidence that is vital to their consideration. The law does not require such a blinkered approach to criminal justice. To the contrary, long-standing principles of sentencing codified at 18 U.S.C. § 3661 make it clear that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."

The sentencing in this case illustrates the vital purposes served by § 3661.  How can the Court evaluate whether any given sentence can deter *this* defendant without considering the fact that he committed this crime while he was brazenly robbing and pimping — all after a ten-year prison sentence failed to deter him from committing these additional crimes?[1]  How can the Court consider the nature and circumstances of this defendant without taking into account the fact that those circumstances include the manipulation of pimping, the violence of robbery, and the lack of any remorse or concern for the consequences of his actions on others? And how can the Court truly evaluate whether a long sentence is necessary to protect the public without considering past conduct showing that, when free, the defendant preys on its members by lying, cheating, and stealing?

The Supreme Court and the Tenth Circuit have recognized that it cannot.  In *United States v. Magallanez,* 408 F.3d 672 (10th Cir. 2005), the court, relying on Supreme Court precedent, held that "a sentencing court [has] broad discretion to consider information concerning the defendant's life and characteristics, including conduct on which he had not been convicted."  *Id.* at 684 (citing *Williams v. New York,* 337 U.S. 241, 247 (1949) and *United States v. Watts,* 519 U.S. 148, 151-152 (1997)).  The *Magallanez* Court noted that "18 U.S.C. § 3661, which underlay the decision in *Watts*, remains in full force" post-*Booker.*  408 F.3d at 684.

In fact, "[h]ighly relevant – if not essential -- to [the judge's] selection of an appropriate sentence is the possession of the fullest information possible concerning

---

[1] In 1999, the defendant was sentenced to 10 years in prison on three counts of aggravated robbery, three counts of using a weapon in a violent crime, and one count of car theft.  ECF 262 at 11.

the defendant's life and characteristics." *Watts,* 519 U.S. at 151-152 (citing *Williams, supra*); *Nichols v. United States,* 511 U.S. 738, 747 (1994) (noting that sentencing courts have traditionally and constitutionally "considered a defendant's past criminal behavior, even if no conviction resulted from that behavior") (citing *Williams, supra*); *BMW of North America, Inc. v. Gore,* 517 U.S. 559, 573, n.19 (1996) ("A sentencing judge may even consider past criminal behavior which did not result in a conviction") (citing *Williams, supra*); *see also United States v. Zapete-Garcia,* 447 F.3d 57, 61 (1st Cir. 2006) ("a series of past arrests might legitimately suggest a pattern of unlawful behavior even in the absence of any convictions").

The government is not trying to "penalize Mr. Thomas for the commission of alleged crimes that the authorities at the time could not establish." ECF 318 at 2. Rather, the government is properly bringing to the Court's attention facts and evidence bearing on the sentence that he should receive in this case. Nor is this a case where the government is trying to seek a Guidelines enhancement based on "relevant conduct" under U.S.S.G. § 1B1.3. *See* ECF 318 at 3. The armed robbery and pimping offenses are not relevant conduct. They are, instead, facts that the Court must consider under § 3553(a) in determining whether the sentence sought by the government fulfills the objectives of criminal sentencing.

The Court may properly consider reliable hearsay, including police reports, as part of its sentencing determination. *United States v. Beaulieu*, 893 F.2d 1177, 1180 (10th Cir. 1990); *United States v. McBrayer,* 546 F. App'x 803, 805 (10th Cir. 2013) ("the district court could consider the police reports during sentencing, as hearsay evidence may be considered if it bears a minimal indicia of reliability . . . ." and the

4

district court gave such reports, which "alleged unadjudicated conduct . . . their proper weight in evaluating Mr. McBrayer's risk to public safety"); *United States v. Marsh,* 486 F.Supp. 2d 150, 156 (D. Mass. 2007) ("disregarding reliable information from police reports would run directly contrary to both 18 U.S.C. § 3661 and its guideline counterpart, [U.S.S.G.] § 1B1.4," and it "would be anomalous, indeed, if during the sentencing process the Court could consider self-serving and often unverifiable information from a defendant (for example, statements concerning childhood abuse or trauma), but not an official record from a law enforcement agency concerning conduct that led directly to a criminal charge (and conviction, albeit later vacated)").

However, to the extent the defendant disputes the evidence that the government seeks to present, "the Guidelines endorse the preexisting practice of allowing the district court to conduct an evidentiary hearing" at sentencing. *Beaulieu*, 893 F.2d at 1180. Should the Court determine that an evidentiary hearing is helpful for establishing the facts on which it will base its decision, the government will seek to present these facts in the form of live testimony. Specifically, the arresting officer in the defendant's armed robbery/pimping case, Detective James Lamberth from the Colorado Springs Police Department, will testify at sentencing as to the circumstances surrounding the defendant's arrest in that case. This testimony, along with the attached police reports, will establish by a preponderance of the evidence that the defendant engaged in this conduct, and this evidence is proper for the Court to consider. In addition to Detective Lamberth, the government will call Special Agent Ennis to testify at the sentencing hearing about additional evidence she obtained during the course of her investigation of the defendant's involvement in the student aid fraud scheme, all of which evidence was

5

provided to defense counsel in discovery and all of which is relevant to determining the nature and circumstances of the defendant's role in the offense.

For these reasons, the government submits that the defendant's objection to the presentation of evidence pertaining to his arrest and detention on armed robbery and pimping charges should be denied.

Respectfully submitted this 20th day of February, 2018.

                                        ROBERT C. TROYER
                                      United States Attorney
                                        District of Colorado

By:    s/ *Martha A. Paluch*
        MARTHA A. PALUCH
        BRYAN D. FIELDS
        Assistant United States Attorneys
        1801 California Street, Suite 1600
        Denver, CO 80202
        Telephone 303-454-0100
        Facsimile 303-454-0402
        Bryan.Fields3@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on this 20th day of February, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to all counsel of record in this case.

                                            s/ *Martha A. Paluch*
                                            MARTHA A. PALUCH
                                            BRYAN DAVID FIELDS
                                            Assistant United States Attorneys
                                            1801 California Street, Suite 1600
                                            Denver, CO 80202
                                            Telephone 303-454-0100
                                            Facsimile 303-454-0402
                                            martha.paluch@usdoj.gov