**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No.  16-cr-00054-WJM-02

UNITED STATES OF AMERICA,

      Plaintiff,

v.

2.     TRAMMEL THOMAS,

      Defendant.
_____

**UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE FOR A
PERSONAL MONEY JUDGMENT AGAINST DEFENDANT TRAMELL THOMAS**
_____

      COMES NOW the United States of America, by and through United States

Attorney Robert C. Troyer and Assistant United States Attorneys Martha A. Paluch and

Bryan D. Fields, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule

32.2(b)(2) of the Federal Rules of Criminal Procedure, and moves this Court to enter,

before sentencing, a Preliminary Order of Forfeiture for a Personal Money Judgment, in

the amount of $260,226.85, which constitutes proceeds obtained by the defendant as a

result of offenses of 18 U.S.C. § 1341.

      In support, the United States sets forth the following:

**I.**     **Procedural Background**

      1.     On April 11, 2017, the Grand Jury returned a Superseding Indictment

charging defendant Tramell Thomas in Count One with violating 18 U.S.C. § 286

(Conspiracy to Defraud the Government with Respect to Claims) and in Counts Two

through Seven with violations of 18 U.S.C. §§ 1341 and 2 (Aiding and Abetting Mail Fraud).  ECF 131.

2.      The Superseding Indictment also sought forfeiture in the form of a personal money judgment against defendant Tramell Thomas, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), in the amount of proceeds the defendant obtained as a result of the offenses charged in the mail fraud counts, Count Two through Seven.  *Id.*

The evidence admitted at trial established that the defendant conspired with his co-defendants, Heather Carr, Mercedes Diaz, and Marcelle Green, to engage in a scheme to defraud the United States Department of Education (the Department).  The conspirators submitted 181 false Free Applications for Federal Student Aid (FAFSAs) to the Department seeking approximately $1.3 million in federal student aid. The government proved at trial through the testimony of Special Agent Sandra Ennis that the total amount of loss suffered by the Department and the victim community colleges from this scheme is $563,890.85.  Gov't Ex. 72.

3.      On November 30, 2017, a Jury determined that defendant Tramell Thomas was guilty beyond a reasonable doubt of all counts set forth in the Superseding Indictment.  ECF 223.

## II.     Argument

### Forfeiture Money Judgment

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the Court shall order criminal forfeiture of all property constituting or derived from proceeds traceable to

violations of 18 U.S.C. § 1341.   Federal Rule of Criminal Procedure 32.2 governs the proceeding to obtain forfeiture in a criminal case.

As set forth in Rule 32.2(b)(1)(A) of the Federal Rules of Criminal Procedure, the Court must determine what property is subject to forfeiture as soon as practicable after a verdict by a preponderance of the evidence.  *See United States v. Bader*, 678 F.3d 858, 893 (10th Cir. 2012) ("A [criminal] forfeiture judgment must be supported by a preponderance of the evidence.").  When a personal money judgment is sought against a defendant, "the court must determine the amount of money the defendant will be ordered to pay."  Fed. R. Crim. P. 32.2(b)(1)(A).   The Court may rely on evidence "already in the record," such as evidence introduced at trial, and "any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable."  Fed. R. Crim. P. 32.2(b)(1)(B).

It is mandatory that the Preliminary Order of Forfeiture is entered "sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant."  Fed. R. Crim. P. 32.2(b)(2)(B); *see also United States v. Schwartz*, Nos. 10-3773, 11-3523, 2012 WL 5359258, at *2 (6th Cir. 2012) (finding it was error to fail to enter a preliminary order of forfeiture and stating that it must be entered before sentencing); *United States v. Shakur*, 691 F. 3d 979 (8th Cir. 2012) (criminal forfeiture was reversed for a violation of procedural due process violation when no preliminary order of forfeiture was entered and noting that it must be entered before sentencing).

The whole purpose of forfeiture is to disgorge the "fruits of illegal conduct." *United States v. Ursery*, 518 U.S. 267, 284 (1996).  Therefore, when there is a scheme to defraud, the fruits of that scheme are all of the "proceeds generated by the . . . scheme." *United States v. Yass*, 636 F. Supp. 1177 (D. Kan. 2009) (ordering forfeiture of all funds obtained through the scheme to fraud stating that "[c]ourts have ordered forfeiture of property derived from uncharged and acquitted conduct that is part of the same scheme or enterprise as convicted conduct"); *see also United States v. Adegboye*, No. CR-11-30-D, 2011 WL 5025531, at *3 (W.D. Okla. Oct. 21, 2011) (adopting the reasoning of *United States v. Boesen*, 473 F. Supp. 2d 932 (S.D. Iowa 2007)).

In order to determine the amount of a forfeiture money judgment, the Court must determine the amount of proceeds defendant Tramell Thomas obtained through the scheme to defraud the United States Department of Education. The term "'[p]roceeds' means the amount of money obtained **directly or indirectly,** as a result of the commission of the offense giving rise to forfeiture, and any property traceable thereto." 18 U.S.C. § 981(a)(2)(A) (emphasis added).   "In other words, '[p]roceeds are property that a person would not have but for the criminal offense . . . .'" *United States v. Yass*, 636 F.Supp. 2d 1177, 1184 (D. Kan. July 14, 2009) (citing *United States v. Nicolo*, 597 F.Supp. 2d 342, 346 (W.D.N.Y 2009)).

In its Position Statement, ECF 341, the government argued that $260,226.85 is the amount of proceeds defendant Tramell Thomas directly obtained as a result of his crimes.  Attachment 5 to that pleading sets forth this conservative calculation.

Accordingly, a forfeiture money judgment in the amount of $260,226.85 should be entered against the defendant Tramell Thomas, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

WHEREFORE, the United States moves this Court to enter the Preliminary Order of Forfeiture for a Personal Money Judgment tendered herewith, for the reasons set forth above.

DATED this 12th day of March, 2018.

Respectfully submitted,

ROBERT C. TROYER
United States Attorney

By:      s/ Martha A. Paluch_____
MARTHA A. PALUCH
BRYAN DAVID FIELDS
Assistant United States Attorneys
1801 California Street, Suite 1600
Denver, CO 80202
Telephone 303-454-0100
Facsimile 303-454-0402
martha.paluch@usdoj.gov
bryan.fields3@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that on this 12th day of March, 2018, I electronically filed the foregoing

with the Clerk of the Court using the CM/ECF system that will send notification of such

filing to all counsel of record in this case.

s/ *Martha A. Paluch*
MARTHA A. PALUCH
BRYAN DAVID FIELDS
Assistant United States Attorneys
1801 California Street, Suite 1600
Denver, CO 80202
Telephone 303-454-0100
Facsimile 303-454-0402
martha.paluch@usdoj.gov
bryan.fields3@usdoj.gov