**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 16-cr-00054-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**2. TRAMMEL THOMAS**

    Defendant

---

**RESPONSE TO GOVERNMENT'S REQUEST FOR PRELIMINARY
ORDER OF FORFEITURE**

---

Comes now the Defendant, by and through his counsel, Daniel T. Smith and Thomas E. Goodreid, and submit this Response to the Government's Motion for Preliminary Order of Forfeiture.

1. The government has requested in its motion for a preliminary order of forfeiture, docket #343, a personal money judgment against the Defendant in the amount of $260,226.85. The Defendant objects to the amount of the request, and suggests that a correct amount for the judgment is $35,528.00.

2. The government argues for a preliminary forfeiture judgment pursuant to 18 USC §981(a)(1)(C), 28 USC §2461(c) and FRCrP 32.2(b)(2). To qualify its request under these statutes and rule, the government submits the Defendant's convictions at trial on counts 2-7 of the superseding indictment.

3. The government argues, that the evidence at trial established that the Defendant conspired with other co-defendants to defraud the United States Department of Education, as well as participated in a scheme to

1

defraud the Department and individuals through violations of the Mail Fraud statute, 18 USC §1341.

4. The superseding indictment in this case charges the Defendant in Count 1 with conspiracy to defraud the government, 18 USC §286, and with 6 Counts (counts 2-7 of the superseding indictment) of violating 18 USC §1341. The Defendant is charged with the Mail fraud allegations only as an Aider and Abettor, 18 USC §2. He is not charged nor convicted of a conspiracy to violate the Mail Fraud statute.

5. It is the Defendant's position, that a preliminary forfeiture order can only enter relating to those specific crimes enumerated in §981 of Title 18 and then only on counts of conviction.

6. The government has argued in its Position Statement, Docket #341, that the loss and restitution amounts to be Ordered by the Court at the Defendant's sentencing are $563,890.85. In its Forfeiture request, the government asks for a "very conservative" Judgment of $260,226.85. Evidently, the government is arguing that the Defendant should be liable for all amounts lost by victims, in its Exhibit 5, but not to all alleged victims of the scheme.

7. The government then creates a web of responsibility for the Defendant by claiming a judgment on each victim that was represented by a debit card recovered from a car driven by the Defendant or from debit cards mailed to a certain address.

8. The fallacy in these theories, is under neither can the government establish the Defendant derived proceeds from the frauds. The Defendant does not argue against a forfeiture judgment relating to the specific counts of conviction (counts 2-7).

9. The Defendant respectfully reminds the Court, that the parties stipulated at trial that the Defendant was continuously held in custody at the El Paso County jail from January 27- November 3, 2011.

10. In governments exhibit 5, it lists some 34 debit cards that were recovered from a car driven by the defendant. Of those 34 cards, 28

2

were mailed to recipients while the Defendant was jailed. Of the 46 total victims listed in Exhibit 5, 30 were mailed their cards while the Defendant was jailed. There was no evidence produced at trial that indicated the Defendant did anything to further the scheme while he was jailed.

11. The government relies in part for its claim, on a United States District Court opinion out of the District of Kansas, *U.S. v. Yass,* 636 F.Supp. 2d 1177. In *Yass*, that Court stated at page 1182, "Under §981(a)(1)(C), the government is entitled to forfeiture of funds that 'constitute or [are] derived from proceeds traceable to a violation' of §1341, or a conspiracy to commit such an offense."

12. A review of Exhibit 5, and identifying the victims named in counts 2-7, reveals a net loss amount of $35,528.00. The Defendant submits, this is the correct amount upon which a judgment should enter.

13. Considering the charges brought against this Defendant, this is not a case where the Court can consider a conspiracy to defraud under a mail fraud scheme, and thus hold the Defendant responsible for all losses.


Dated this 15th day of, March , 2018.


Daniel T. Smith Attorney at Law

s/ Daniel T. Smith
Daniel T. Smith
4582 S. Ulster St. #1400
Denver, Colorado 80237
Telephone: 303 860 8100

3

Fax: 303 860 8018
danieltsmith@qwestoffice.net


s/ Thomas E. Goodreid
1801 Broadway #1400
Denver, Co. 80202
Telephone: 303 296 2048
Email: t.goodreid@comcast.net

Attorneys for Tramell Thomas


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 15, 2018 the foregoing **RESPONSE TO GOVERNMENT'S REQUEST FOR PRELIMINARY ORDER OF FORFEITURE** was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of said filing to all counsel of record.


s/ Daniel T. Smith

4