**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 16-cr-00054-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**2.  TRAMMEL THOMAS**

    Defendant

---

**RESPONSE TO GOVERNMENT'S MOTION TO REVOKE DEFENDANT'S RELEASE STATUS DOCKET #333**

---

Comes now the Defendant and submits his response to the government's motion to revoke Defendant's release status.

1. The government filed its motion for issuance of an arrest warrant and revocation of the Defendant's release status at docket #333.  The Court granted the request for the arrest warrant and ordered the Defendant to respond to the request for revocation of the Defendant's release status on or before March 29, 2018.

2. The government basis it's request in part on a memorandum submitted to the government by U.S. Probation Officer Cohen on or about March 2, 2018.  In that report, it is noted that the Defendant has failed to update his supervising officer of his business and home addresses. He has also tested positive on one occasion for oxycodone.

3. The recommendation made by Officer Cohen in his memo was that the Defendant's Bond be revoked at his next court appearance.  The next scheduled Court appearance is Defendant's sentencing hearing, April 12, 2018.  Obviously, Officer Cohen did not view the violations as serious enough to warrant any type of immediate action.

4. The government also basis it's requests in paragraph 5 of its motion on the Defendant's "pimping and robbing" activities. From discovery provided to the Defendant it appears that the government is referring to allegations dating back to 2010 and January of 2011. The Court should be aware, that the Defendant has never been tried on these allegations, and in fact the State of Colorado dismissed all charges in 2011. Counsel submits to the Court that the applicable statute of limitations has long since run on any of these unproven allegations.

5. On November 30, 2017 upon the jury's return of guilty verdicts, the government asked the Court to remand the Defendant. At that time Judge Martinez denied the request noting that if the Defendant had chosen to not face the charges, he by that time had had over 600 days to have absconded.

6. In fact, at each and every scheduled Court appearance where the Defendant has been ordered to appear, he has appeared.

7. There is no evidence offered that the Defendant is a danger to himself or the community. The government argues that such danger exists because the Defendant attempted to contact 2 government witnesses prior to trial. That argument was made to Judge Martinez and obviously found to be unpersuasive. Both witnesses testified at trial and neither witness testified to being threatened or placed in any type of fear by actions of the Defendant.

8. The Defendant is scheduled for sentencing on April 12, 2018. At that hearing it is expected that the Defendant will receive some period of incarceration. At that point, once again, Judge Martinez will have to consider whether or not to allow the Defendant to voluntarily surrender at the Bureau of Prisons facility so designated.

9. The Defendant suggests that that is the proper time and hearing for the issues raised herein to be considered.

Dated this 29th day of, March , 2018

Daniel T. Smith Attorney at Law

s/ Daniel T. Smith
Daniel T. Smith
1900 Grant St. #580
Denver, Colorado 80203
Telephone: 303 860 8100
Fax: 303 860 8018
danieltsmith@qwestoffice.net

Thomas E. Goodreid
1801 Broadway #1400
Denver, Co. 80202
Telephone: 303 296 2048
Fax: 303 292 0522
t.goodreid@comcast.net

Attorneys for Tramell Thomas

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 29, 2018 the foregoing **RESPONSE TO GOVERNMENT'S MOTION TO REVOKE THE DEFENDANT'S RELEASE STATUS DOCKET #333** was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification to all counsel of record.

s/ Daniel T. Smith

3