**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 16-cr-00054-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**2.  TRAMMEL THOMAS**

    Defendant

---

**SENTENCING STATEMENT AND REQUEST FOR A
SPECIFIC/VARIANT SENTENCE**

---

    Comes now the Defendant by and through his counsel, Daniel T. Smith and Thomas E. Goodreid, and submits this sentencing statement and request for a specific/variant sentence.  As grounds therefore, the Defendant states as follows:

1. The Defendant requests that this Court impose a sentence pursuant to the Defendant's convictions at trial pursuant to 18 U.S.C. §3553(a), which is sufficient but not greater than necessary to comply with the statutory requirements under section 3553.  The Defendant requests a sentence of 84 months.

2. While the Defendant was convicted at trial, his three co-defendants were all convicted by the entry of guilty pleas.  The co-defendant Carr has been sentenced to a term of 57 months in part based upon an advisory guideline offense level of 25 and a criminal history level 1.  The co-defendant Diaz has been sentenced to a term of 24 months in part based upon an advisory guideline offense level of 23 and a criminal history level 6.  The co-defendant Green is scheduled for sentencing on April 11, 2018.

1

3. The Defendant proceeded to trial and placed the government to its burden of proof. As the record reflects, the Defendant did not testify at his trial.

4. The PSR filed by the United States Probation Office has computed an advisory guideline criminal offense calculation of 31. With a criminal history level 4, the advisory guideline calculation is a sentence of between 151 months to 188 months.

5. The Defendant has objected to 3 of the components of the guideline calculation. Initially the Defendant objects to the loss calculation figure and the offense level adjustment of 14 points. Pursuant to this Court's Order, the Defendant has submitted his argument at docket # 342. The Defendant adopts that argument herein.

6. The Defendant also objects to the adjustment for "obstruction of justice" pursuant to U.S.S.G. §3C1.1. At the Defendant's trial, there was no evidence introduced to establish this adjustment. The cited basis for the adjustment is threefold (see PSR para. 81).

7. The first basis is the alleged destruction of the Defendant's phone. The only evidence which the government has to "support" this allegation comes from the co-defendant Carr. In a statement given to the government in November of 2016, Exhibit A, at page 8, she advises that Thomas destroyed his phone to conceal the identities of other women he was seeing. She also told the government that the phone was an old phone that the Defendant was no longer using. The government has produced no evidence that the Defendant's actions had any relation to the government's fraud investigation. In fact, there is no evidence as to when the phone was broken.

8. The second basis is that the Defendant allegedly contacted potential witnesses in an effort to influence their testimony. Again, there was no evidence at trial to support these allegations. The witness Mullett testified the Defendant spoke to her but said nothing about it having any effect on her appearing as a witness or the substance of her

2

testimony. The co-defendant Green has told the government that the Defendant contacted her Uncle in an effort to find Ms. Green. Exhibit B page 1. Green, again mentioned this contact with her Uncle in an interview on August 29, 2017. Exhibit C page 6. At no time has Green testified or told the government that the Defendant contacted her and tried to influence her appearance as a witness or her testimony.

9. Finally, it is alleged that the Defendant materially affected the investigation by a pretrial services U.S. Probation Officer by failing to keep current both his employment and residence addresses. While the Defendant acknowledges these two minor transgressions, he disputes that they can form the basis for an obstruction of justice adjustment. The Defendant submits that this Court must make a finding that in failing to update his addresses the Defendant did so with the specific intent to obstruct justice. *U. S. v. Young* 811 F3d 592 (2d. Cir. 2016). False statements to Probation Officers have been found to justify an obstruction of justice adjustment, but they concerned efforts to conceal a Defendant's true identity *U. S. v. Saintil* 910 F2d 1231 (4th Cir. 1990), *U. S. v. Bedolla-Zavalla* 611 F3d. 392 (7th Cir. 2010). A similar finding resulted when a Defendant tried to conceal assets from a Probation Officer. See *U. S. v. Greig* 717 F3d 212 (1st Cir. 2013). The Defendant submits that he has been on pretrial release in this case for over 700 days. He has given numerous true statements to his Pretrial officer. These two false statements were in no way made to obstruct the Officer's investigation.

10. In paragraph 94 of the PSR the Probation Officer finds no basis for an adjustment for the Defendants role in the offense USSG 3B1.2. The Defendant submits that the government's evidence at trial as well as its statements and arguments since the trial, justify an adjustment for minor involvement. The Government told this Court at Carr's sentencing that she was clearly the most culpable Defendant. At Diaz's sentencing the Government again argued that Carr was the

3

most culpable, Diaz the least, and Green and Thomas somewhere in the middle. Ex. D Page 36 and 37

11. The Defendant submits that Green's trial testimony and statements given by Carr, Green and Diaz, demonstrate that the Defendant is the least involved and least culpable of the four co-defendants. In her trial testimony Green said Thomas played "some" role in the conspiracy but she only saw him on one occasion fill out a FAFSA. Exhibit E page 18. Later she stated that the one time was the only time she saw Thomas participate in the scheme. Ex. E Page 22. Green testified and told the government in statements that she and Carr started the scheme not Thomas. Ex. E Page 30, Ex. C Page 2 and 3.

12. Co-defendant Diaz has also given statements and cooperated with the government. At her sentencing, this Court found her to be truthful and credible. Ex. D Page 11 and 12. As part of her cooperation Diaz gave the government her statement on February 10, 2017. She told the government she was not aware of "what part if any" Thomas played in the scheme. Ex. F Page 2. She talked at length about the three women (herself, Carr, and Green) sitting around doing student's homework, searching out inmates and filling out FAFSA's. Thomas is not present. Ex. F Page 3. Diaz discussed the scheme with Carr and Green but never with Thomas Ex. F Page 3 and 6. It is important to note here that Diaz was like a daughter to Carr and lived in the Carr household. If Thomas was the active participant the government claims, Diaz would have seen it. It is obvious that Diaz offered no information against Thomas, thus her absence as a witness at Thomas's trial.

13. The Court will remember that the parties stipulated that Thomas was jailed in Colorado Springs, Colorado from January 27 through November 3, 2011. Co-defendant Carr has provided her affidavit which is Ex. G. At paragraph 9c she states that Thomas played no part in the scheme while he was jailed. She told the government that

4

Thomas did not move to Arizona until February of 2012. Ex. A Page 6.

14. Carr also states in her affidavit that Thomas did not provide the addresses for debit card mailings at Radiant Drive Ex G paragraph 9b. She had previously told the government of her relation to the addresses on Lexington and Rushmore. Ex A page 4 and 5. These pieces of information on addresses further diminish the government's argument that Thomas provided the much needed Colorado addresses. In fact, the evidence shows his only participation in providing an address was that of Ms. Mullett.

15. The government also relied on Thomas being stopped in August of 2012 with some 50 debit cards in the backseat and one in his wallet. Carr provides interesting incite, into this evidence. She states in her affidavit that the principal driver of the Dodge Charger (the car Thomas was driving when stopped) in 2011 and 2012 was Green not Thomas. Ex G paragraph 9h. This was consistent with what she told the government in November of 2016. At that time Carr stated that Green kept most of the debit cards and Green owned the pink laptop. Ex. A page 6.

16. This explanation of who drove the car gives further understanding as to why Thomas's finger prints were on none of the cards. Ex. H

17. The Defendant submits to this Court that when one analyses all the evidence that was available to the government the relative culpability of each Defendant becomes much clearer. The Defendant does not argue his innocence, but rather his minimal involvement.

18. A fair interpretation of the evidence shows the Defendant did not become involved in the scheme until he moved to Arizona in February of 2012. His involvement with registering students in Colorado in 2010 and January of 2011, may have been improper but it had nothing to do with the scheme run out of Arizona by Carr and Green. None of the

5

      Applicants were inmates and no Arizona IP addresses were associated with these applications.

19. Were the Court to favorably consider the objections to the advisory guideline calculation made by the Probation Department, the Defendants offense level would be 25.  With a criminal history level of 4 his advisory guideline calculation would be 84 to 105 months.

20. The Defendant submits that when all the evidence is analyzed, and one compares sentences previously imposed on co-defendants, as well as this Defendant's criminal history, a guideline range of 84 to 105 months (offense level 25) is an appropriate sentencing range for this Defendant.  The Court has previously imposed sentences at the low end of the guideline computation for co-defendants.  The Defendant requests the Court do the same here and impose an 84 month sentence.

21. Were the Court to follow the government's request, 168 months, or the Probation Department recommendation of 151 months, the disparity in sentences given to co-defendants is glaring. Certainly there are aspects to each co-defendant's sentence that are not shared by Mr. Thomas.  But such discrepancies hardly justify or explain Thomas receiving over 100 more months than Carr or more that 125 months more than Diaz.

Dated this 29th  day of, March , 2018

                                    Daniel T. Smith Attorney at Law

                                    s/ Daniel T. Smith  
                                    Daniel T. Smith  
                                    1900 Grant St. #580  
                                    Denver, Colorado 80203  
                                    Telephone: 303 860 8100  
                                    Fax: 303 860 8018  
                                    danieltsmith@qwestoffice.net

7

        Thomas E. Goodreid
        1801 Broadway #1400
        Denver, Co. 80202
        Telephone: 303 296 2048
        t.goodreid@comcast.net

        Attorneys for Tramell Thomas

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 29, 2018 the foregoing **SENTENCING STATEMENT AND REQUEST FOR A SPECIFIC/VARIANT SENTENCE** was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of said filing to all counsel of record.

        s/ Daniel T. Smith