AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
District of Colorado

| | | |
|---|---|---|
| United States of America<br>v.<br><br>TRAMMEL THOMAS<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>) | Case No.  16-cr-00054-WJM-2 |

## ARREST WARRANT

To:     Any authorized law enforcement officer

   **YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*     TRAMMEL THOMAS                                                                                              ,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment      ☐ Superseding Indictment      ☐ Information      ☐ Superseding Information      ☐ Complaint
☐ Probation Violation Petition      ☐ Supervised Release Violation Petition      ☐ Violation Notice      ☒ Order of the Court

This offense is briefly described as follows:

  18:3148  Violation of Pre-trial release conditions


Date:   03/05/2018                                                       s/N. Marble, Deputy Clerk
                                                                              *Issuing officer's signature*

City and state:    Denver, Colorado                              JEFFREY P. COLWELL, Clerk of U.S. District Court
                                                                              *Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____ at *(city and state)* _____.<br><br>Date: _____<br>                                                          *Arresting officer's signature*<br><br>                                                          *Printed name and title* |



# MEMORANDUM

To: Assistant U.S. Attorney
Martha Ann Paluch

From: U.S. Probation Office
Jason Cohen

Date: March 2, 2018

Re: Trammel **THOMAS**
**Docket No.** 1:16-CR-00054-WJM-2

**NOTICE OF BOND VIOLATION**

**COURT STATUS:**

On March 8, 2016, the defendant was arrested in the District of Arizona and later granted a personal recognizance bond, releasing him to pretrial supervision the same date. He was directed to comply with all conditions set forth in the Order Setting Conditions of Release. The defendant is currently being supervised by Pretrial Services Officer Evelia Rivera in the District of Arizona.

**BOND VIOLATION:**

The purpose of this report is to notify the government of the defendant's noncompliance with additional condition of release number 4: "The defendant shall immediately advise the Court, defense counsel and U.S. Attorney in writing of change in address/telephone number" and additional condition of release number 11: "The defendant shall refrain from ANY use of alcohol and not use or possess any narcotic or other controlled substance defined by 21 U.S.C. § 802 unless prescribed for the defendant by a licensed medical practitioner in the course of his/her legitimate medical practice. This provision does not permit the use of medicinal marijuana even with a physician's written certification." Additionally, the defendant has provided false information to the Pretrial Services Officer regarding his place of employment.

On January 19, 2018, during an interview with United States Probation Officer Matthew Gill, the defendant advised he resided at the address of 6818 South 40th Drive, Phoenix, Arizona 85041. On February 8, 2018, District of Arizona United States Probation Officer Susana Torres attempted a home visit at the defendant's reported residential address. The home appeared vacant and no one answered the door, indicating the defendant reported a false address to Officer Gill.

On February 12, 2018, Officer Rivera conducted an unannounced employment check at the address of 7272 East Indian School Road, Scottsdale, Arizona 85251, for the purpose of verifying the defendant's reported employment. She noted no indications that Multi Source Inc. was a current office park tenant at the 7272 address and the doors of the office park were

locked. Officer Rivera spoke with an employee of the company that manages the 7272 office park who reported he did not believe Multi Source Inc. was a current office park tenant. This caused Officer Torres to believe the defendant had provided a false employment address. On February 13, 2018, the defendant advised Officer Rivera that he has continued to work for Multi Source Inc. at an office located at the address of 7272 East Indian School Road, Scottsdale, Arizona 85251.

On February 20, 2018, the defendant reported 30 minutes late to a scheduled appointment with Officer Rivera. He submitted a urine sample which tested positive for oxycodone. The defendant advised he had an oxycodone prescription and he was directed to provide prescription verification. On that same date, he verified his Multi Source Inc., Virtual Office, was located at 7272 East Indian School Road, Suite 540, Scottsdale, Arizona 85251, using the term "virtual office" for the first time. On February 1, 2018, Officer Gill contacted Multi Source Inc., via telephone, utilizing a phone number listed in Facebook. A female answered the phone, stated she was a former Multi Source Inc. employee, and advised that Multi Source Inc. was no longer in business.

On February 20, 2018, the defendant advised of a change in his residence. He stated in October, 2017, he moved to 2040 West Berridge Lane, #31, Phoenix, Arizona 85015. Officer Rivera advised the offender that she did not have records of the defendant moving from his previously reported address of 6818 South 40th Drive, Phoenix, Arizona 85041. The defendant advised he had notified a Pretrial Services Officer of his change in residence. The Pretrial Services Office did not receive notification of his change in address prior to his February 20, 2018, appointment and the 6818 address was reported to Officer Gill on January 20, 2018, constituting a violation of bond condition number 4. As of the date of this report, the 2040 address has yet to be verified by a home visit conducted by a United States Pretrial or Probation Officer.

On February 21, 2018, the defendant sent an email to Officer Rivera. In the email, he indicated his residential lease at the 6818 address expired "around trial time." He reported he had issues with his girlfriend at the time and was "pretty much homeless." He stated he stayed with a friend prior to moving to his current address and wrote that it was difficult for him to admit he was homeless. He also disclosed he did not have a current oxycodone prescription as he previously indicated. The defendant admitted prior to his February 20, 2018, urinalysis test he was not feeling well and took medication from a friend that could have contained hydrocodone. Further, he noted his business address in Scottsdale, Arizona, closed one year ago, but is maintained as a "virtual office."

In summation, the defendant provided a false physical address for his employer, he did not keep the Pretrial Services Officer or the Court appraised of his address, and he used medication not prescribed to him.

**RECOMMENDATION:**

The information above indicates the defendant has been deceptive regarding his residency and employment, he is likely having difficulty financially supporting himself and his family, and he is abusing prescription medication. Based on this, it is recommended that defendant's bond be revoked and he be taken into custody following his next court appearance. The supervising Pretrial Services Officer in Arizona will continue to work to verify the defendant's residence and income sources. No response is necessary unless the government believes additional action should be taken.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 16-cr-00054-WJM-2

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2. TRAMMEL THOMAS,

    Defendant.

---

**GOVERNMENT'S MOTION FOR ARREST WARRANT AND REVOCATION OF DFENDANT'S ORDER OF RELEASE PURSUANT TO 18 U.S.C. § 3148**

---

    The United States of America, by United States Attorney Robert C. Troyer, through Assistant United States Attorneys Martha A. Paluch and Bryan D. Fields, hereby moves the Court, pursuant to 18 U.S.C. § 3148, to (1) issue a warrant for the defendant's arrest and (2) hold a hearing to determine whether the defendant's order of release should be revoked.

    1. On November 30, 2017, a jury found that defendant Trammel Thomas was guilty of every count for which he was indicted: one count of conspiracy to submit false claims and six counts of mail fraud.

    2. After the trial, the government moved, pursuant to 18 U.S.C. § 3143, that the defendant be detained pending sentencing. That statute puts the burden on a convicted defendant to show by clear and convincing evidence that he is not likely to flee or pose a danger to community. The government argued that the defendant could not meet this burden, for at least three reasons. First, the defendant, convicted beyond a reasonable doubt, had even greater

1

incentive to flee now that he knows he must face sentencing for his crimes. This incentive is even greater where, as here, even the most optimistic guidelines calculations recommend a sentence of 11-14 years (the government's calculation results in a recommendation of 135-168 months' imprisonment and the government is seeking a sentence at the top of that range). Second, the government drew the Court's attention to incidents in which the defendant attempted to contact likely witnesses before trial, including Kimmisha Mullet and Marcelle Green. Finally, the government argued that the defendant's past conduct shows that he has no respect for the judicial system: during prior periods of judicially-supervised release, the defendant lied to his probation officers and committed the very crimes for which he was convicted in this case.

3. On November 30, 2017, the Court ordered that the defendant remain free on bond subject to the conditions of release set forth in the original order, issued by District of Arizona Magistrate Judge Eileen S. Willett on March 9, 2016. *See* ECF Nos. 223 (Minute Entry noting Court's finding that defendant should remain free on bond); 11 (Docket entry noting receipt of Rule 5(c)(3) documents received from the District of Arizona). That order imposed, among others, the conditions that (1) the defendant immediately advise the court, defense counsel, and the U.S. Attorney of any change in his address or phone number, (2) the defendant refrain from using or possessing a controlled substance not prescribed by a physician, and (3) the defendant actively seek verifiable employment.

4. Although the Court found after trial, by clear and convincing evidence, that the defendant was not likely to flee, and was not a danger to the community, it admonished the defendant that any violations of the conditions of release would be grounds for the issuance of an arrest warrant and for an order of detention. On March 2, 2018 Probation Officer Jason Cohen

notified the undersigned Assistant United States Attorneys of the defendant's violations of the conditions of his bond. It is clear that the defendant has once again decided that he can violate the law without consequence.

5. At trial, the government showed that the defendant enthusiastically participated in a massive fraud scheme, *even while he was incarcerated*. At sentencing, the government will establish that the defendant did even more. He pimped. He robbed. He defrauded. And he did all of that while lying to his Arizona state probation officer. The Probation Officer's notification to the government demonstrates that the defendant, far from learning from these past mistakes, has decided that he can go back to his old ways. The report describes three violations.

  a. **The Defendant's Lies About His Employment.** The defendant told Probation he was working at "Multi Source, Inc." and gave an address in Scottsdale, Arizona. There was no indication that any such business operated at the given address. Probation found the address locked up on a Monday work day and, when the Probation Officer spoke to the office park's management company, he found out that Multi Source was not a tenant. This has shades of the defendant's conduct in this case. While the defendant was previously on state supervision in Arizona he reported that he was employed by Kimmisha Mullet's company. That company had no real address and, as the Court knows from listening to testimony at trial, while the defendant claimed to be employed by Mullet's company, the defendant's real "business" with Mullet was using her P.O. Box as an artifice to insulate himself from his fraud scheme.

  b. **The Defendant's Deceit Regarding His Residence.** The defendant has not been forthcoming about his living situation. When Probation visited his reported address in January, they found it vacant. In February, the defendant reported that he had moved to a new

3

address in October, 2017, before his trial. The defendant was required to notify his lawyer, the Court, and the government of any change in residence. As shown by the Probation Office's January visit, failure to report changes makes it impossible to verify the defendant's residence and wastes valuable judicial resources. It also allows the defendant to make self-serving and unverifiable statements regarding his residence, thus undermining the goals of judicial supervision. Later in February, the defendant told his Probation Officer that, around the time of the trial, he was "pretty much homeless." The defendant obviously mentioned nothing of this after the trial and, instead, let the Court and the government believe that there were no material changes to the circumstances that led to his initial release on bond. This was deceptive. It would have been highly relevant to any evaluation of the defendant's likelihood of flight if the parties had been informed that the defendant was transient and that it would be difficult to verify his residence. As with his lies regarding employment, the defendant's conduct towards Probation regarding his residence is similar to past manipulations of judicial supervision. While the defendant was defrauding the Department of Education and several community colleges, he told his Arizona probation officer that he was living with his "sister." He was not. He was living with Heather Carr in the nice home she was able to rent with their fraud money.

    **c.**    **The Defendant's Drug Use**. Probation has also reported that the defendant "took medication from a friend" that resulted in a positive test for hydrocodone. This is the most disturbing incident of them all. Opiates are highly addictive. Together with the uncertainty relating to the defendant's employment and residence, drug use only exacerbates the government's concern that Thomas will either flee or, as he has in the past, turn to crime as a means to support himself.

4

6. It is time for the defendant to take the judicial system seriously. Pursuant to 18 U.S.C. § 3148, the government moves that the Court initiate proceedings to revoke the defendant's order of release. That statute authorizes the Court to issue a warrant for the defendant's arrest and states that the defendant is to be brought before "the judicial officer who ordered the release and whose order is alleged to have been violated." 18 U.SC. § 3148(b) The government requests that the Court do so here. Section 3148 requires that the court enter an order of revocation if it finds that there is probable cause to believe a person has committed a state crime while on release. 18 U.S.C. § 3148(b)(1)(A) Use of hydrocodone without a prescription is a crime in Arizona. Ariz. Rev. Stat. 13-3406(A)(1). In addition, the Court must revoke the order of release if it finds by clear and convincing evidence that the defendant has violated any other condition of release. 18 U.S.C. § 3148 (1)(B). Testimony from the Probation Officer will clearly and convincingly establish such violations. The government will then argue, as set forth above, that evaluation of the factors set forth in 18 U.S.C. § 3142, together with the burden imposed on the defendant by 18 U.S.C. § 1343, supports revocation of release. *See* 18 U.S.C. §3148(b)(2) (incorporating factors set forth in § 3142).

. . . .

. . . .

. . . .

. . . .

. . . .

WHEREFORE, the Government moves that the Court issue a warrant for the defendant's arrest to appear at a hearing to determine whether his release should be revoked.

5

Dated this 5th day of March, 2018.

                         Respectfully submitted,

                         ROBERT C. TROYER
                         United States Attorney

                         *s/ Bryan D. Fields*
                         BRYAN D. FIELDS
                         MARTHA A. PALUCH
                         Assistant U.S. Attorneys
                         1801 California Street, Suite 1600
                         Denver, Colorado   80202
                         (303) 454-0100
                         FAX: (303) 454-0402
                         Email: Martha.paluch@usdoj.gov
                         Bryan.fields3@usdoj.gov
                         Attorneys for the government

## CERTIFICATE OF SERVICE

I certify that on this 5th day of March, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

s/ *Bryan D. Fields*
MARTHA A. PALUCH
BRYAN DAVID FIELDS
Assistant United States Attorneys
1801 California Street, Suite 1600
Denver, CO 80202
Telephone 303-454-0100
Facsimile 303-454-0402
martha.paluch@usdoj.gov
bryan.fields3@usdoj.gov
