IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 16-cr-00054-WJM-2

UNITED STATES OF AMERICA,

Plaintiff,

v.

2.   TRAMMEL THOMAS,

   Defendant.

**DEFENDANT'S BRIEF IN SUPPORT OF REQUEST FOR REVOCATION HEARING**

Defendant Trammel Thomas, through counsel, has requested a revocation hearing under 18 U.S.C. § 3148.  At the advisement on this matter on 30 April 2018, U.S. Magistrate Judge Wang requested that the parties brief their respective positions in favor of and against the availability of such a hearing.  Mr. Thomas complies with Judge Wang's order as follows.

Defendant contends that, based upon the reasoning set forth in U.S. v. Zu Quan Zhu, 215 F.R.D. 21 (D. Mass. 2003), that he is entitled to a revocation hearing, notwithstanding the detention hearing that he previously had in front of U.S. Magistrate Judge Willett in the District of Arizona last month.  18 U.S.C. § 3148(b) provides that, as happened in this matter, the prosecution may initiate a proceeding "for revocation of an order of release by filing a motion with the district court."  After that, "[a] judicial officer may issue a warrant for the arrest of a person charged with violating a condition of release, and ***the person shall be brought before a judicial officer in the district in which such person's arrest was ordered for a proceeding in accordance with***

***this section.*** *Id.* (emphasis added).

In Zu Quan Zhu, the defendant was charged in the federal district of Pennsylvania but, as one of his conditions of release, was allowed to reside in the federal district of Massachusetts. 215 F.R.D. at 21.   Sometime subsequent to his release, the Government contended that the defendant had violated a condition of his release and filed a complaint in the federal court in Pennsylvania, asking that the defendant's release be revoked. *Id.*   The defendant was then arrested in Massachusetts and the question facing the court there was type of hearings, if any, the defendant was entitled to in Massachusetts and in Pennsylvania. *Id.*

After analyzing the statute (along with its relationship to a now defunct portion of Federal Rule of Criminal Procedure 40), the Zu Quan Zhu court held that:

> when a person is arrested on a warrant issued pursuant to 18 U.S.C. § 3148(b) in a district other than the district in which the arrest was ordered, the judicial officer before whom the person appears in the district in which the arrest took place may not conduct the revocation hearing but rather, after hearing, must determine whether the defendant shall be released on conditions or detained pending the person's appearance for a revocation hearing pursuant to § 3148(b) in the district in which the arrest was ordered.   ***In other words, the judicial officer in the district in which the arrest takes place may order the defendant released or detained until such time as the defendant appears in the district in which the arrest was ordered for a revocation hearing.***

(emphasis added).   Applying these principles to the situation at hand, Judge Willett's detention order from the District of Arizona should be viewed as an order of detention for Mr. Thomas, pending his appearance for a revocation hearing in this District, but not as an order of revocation itself.

2

Mr. Thomas respectfully submits that the Government's reliance upon <u>U.S. v. Cisneros</u>, 328 F.3d 610 (10th Cir. 2003), for the proposition that Mr. Thomas is only entitled to an appeal to Judge Martinez of Judge Willet's detention order, but not an original revocation hearing, is misplaced.   <u>Cisneros</u> arose under 18 U.S.C. § 3145, involving a defendant whose original determination of pretrial release or detention still was being determined, and **not** a defendant such as Mr. Thomas who had already been released but whose revocation from release was being sought due to alleged violation of conditions of that release.   As such, Mr. Thomas submits that the analysis and result of <u>Zu Quan Zhu</u>, while not binding precedent on this Court, is more germane to the issue at hand than is <u>Cisneros</u>.

Mr. Thomas accordingly requests a revocation hearing before this Court under 18 U.S.C. § 3148.

Dated this 3rd day of May, 2018.

                Respectfully submitted,

                s/Thomas E. Goodreid
                Thomas E. Goodreid
                Attorney at Law
                1801 Broadway, Suite 1400
                Denver, CO   80202
                (303) 296-2048x.136
                *t.goodreid@comcast.net*
                Attorney for Defendant Trammel Thomas

## CERTIFICATE OF SERVICE

      I certify that on this 3rd day of May, 2018, I electronically filed the foregoing **DEFENDANT'S BRIEF IN SUPPORT OF REQUEST FOR REVOCATION HEARING** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

      s/Thomas E. Goodreid
Thomas E. Goodreid
Attorney at Law
1801 Broadway, Suite 1400
Denver, CO  80202
(303) 296-2048x.136
t.goodreid@comcast.net
Attorney for Defendant Trammel Thomas

4