**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No.   16-cr-00054-WJM-2

UNITED STATES OF AMERICA,

      Plaintiff,

v.

2. TRAMMEL THOMAS,

      Defendant.

---

**GOVERNMENT'S POSITION REGARDING THE DEFEDANT'S DETENTION**

---

On March 5, 2018 this Court issued a warrant for the defendant's arrest to account for allegations that he had violated the conditions of his post-trial bond.   ECF No. 369.   Almost a month later, the defendant was tracked down in Arizona, arrested, and brought for proceedings before the Honorable Eileen S. Willet, U.S. Magistrate Judge for the District of Arizona.   *See United States v. Thomas*, 1:18-mj-06121, ECF Nos. 1-3 (D. Ariz.) (the "Arizona Docket"). After an extensive detention hearing on April 4, 2018 Judge Willet ordered that the defendant be detained pending sentencing in this district and that he be committed to the District of Colorado. Arizona Docket ECF No. 12 (Order of Detention) (Exhibit A); *Id.* ECF No. 14) (commitment to Colorado).

The defendant had an initial appearance here on April 30, 2018.   During that proceeding, defense counsel asked that any detention hearing be held on May 9, 2018.   The Court directed the parties to file their positions relating to such a hearing on or before May 3, 2018.   The United States of America, by United States Attorney Robert C. Troyer, through

1

Assistant United States Attorney Bryan D. Fields, hereby files this memorandum describing its position on any such hearing.

## I.        FURTHER PROCEEDINGS ARE GOVERNED BY 18 U.S.C. § 3145.

"If a person is ordered detained by a magistrate judge," — which is the case here because Thomas was ordered detained by a magistrate judge in Arizona — "or by a person other than a judge of a court having original jurisdiction over the offense" — which is also the case here, because Judge Willet is also a person other than a judge of a court having original jurisdiction over Thomas's indictment — then "the person may file with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order."   18 U.S.C. § 3145.   The Government submits that by its plain terms, further proceedings are governed by § 3145.   The statute requires that Thomas file a motion seeking revocation or amendment and it requires that the motion be ruled upon by the district judge having original jurisdiction over the matter.

*United States v. Cisneros*, 328 F.3d 610 (10th Cir. 2003) supports this position.   In that case a magistrate judge in Arizona ordered a defendant be released, but a district judge in New Mexico ordered that the defendant be detained.   The defendant argued that 18 U.S.C. § 3145 did not apply.   The Tenth Circuit rejected the argument, noting that §3145(a)(1), which covers review of a release order, "covers precisely the circumstances of this case" because the defendant was released by a magistrate judge in Arizona — who was a "magistrate judge or . . . . a person other than a judge of a court having original jurisdiction over the offense" — but was ordered detained by a judge in New Mexico, which was the district where the indictment was pending and thus the court with "original jurisdiction over the offense."   *Id.* at 615.

2

*Cisneros* further counseled that it is procedurally improper for motions filed pursuant to § 3145 to be processed in the first instance by a magistrate court judge.   Instead, such a motion "should be considered and ruled upon in the first instance by a district judge in the court of original jurisdiction."   *Id.* at 615-616.

This case is the mirror image of *Cisneros*.   There, the defendant was released by another district and detained by the original district pursuant to § 3145(a).   Here, the defendant was detained by another district and seeks to be released by the original district pursuant to §3145(b). Although *Cisneros* covered only the first scenario under § 3145(a), the relevant text of § 3145(a) is virtually identical to § 3145(a).   There is no legally meaningful way to distinguish *Cisneros* or otherwise construe the text of §3145(b) except to mean what it says:   when a defendant is subject to a magistrate judge's detention order, review must be made to the district court judge having jurisdiction over the indictment.

To the extent that *United States v. Zu Quan Zhu*, 215 F.R.D. 21 (D. Mass. 2003) counsels a different outcome, it cannot overcome *Cisneros*'s status as binding precedent.   Even if it could, *Zu Quan Zhu* should not be relied upon here.   First, as a matter of basic legal principles, the Court must initially consider the text of 18 U.S.C. § 3148.   By its own terms, that statute governs only motions seeking revocation of release.   It says nothing about the situation here — a motion seeking review of an order that has already been entered.

Second, the government submits that this is yet another instance of gamesmanship from the defendant.   Defendant Zu Quan Zhu raised his arguments in the non-original court:   his indictment was pending in Pittsburg, and he argued that a magistrate judge in Massachusetts had no jurisdiction to have a detention hearing.   Here, Thomas made no such argument in the non-

3

original court (Arizona).   Instead, he insisted that the non-original court use its resources to provide him with a full detention hearing.   Only now, *after* that court made its determination, does he raise the argument Arizona didn't have authority to give him that hearing and that he thus needs a new one here.   The Court should not countenance such tactics.   Thomas didn't raise the argument in Arizona and it should be considered waived.

Finally, even on its own terms, the *Zu Quan Zhu* decision overlooks key portions of the statute.   Section 3148 qualifies the right to an initial hearing before the "judicial officer who ordered the release" by explaining that the right applies only "to the extent practicable."   This is not New York or Washington, DC, where a defendant can be arrested in, say, Manhattan, and easily brought to a district court judge in Brooklyn (or in, say, Arlington and brought to a district court judge in the District of Columbia).   The courtroom in Phoenix, Arizona, is 866 miles away.   It was simply not "practicable" for the marshals to arrest Thomas in Arizona and bring him safely here to Colorado for a timely detention hearing.

## II.   THE COURT IS NOT REQUIRED TO GIVE THE DEFENDANT YET ANOTHER HEARING

Upon the defendant's motion, the Court should consider *de novo* whether the defendant should be detained.   *Cisneros*, 328 F.3d at 610.   But this doesn't mean that Thomas gets to indulge his endless appetite for chomping at the same apples.   He already had a detention hearing.   Unless he has new evidence to present, no additional hearing is required and the Court can makes it *de novo* determination by reviewing the transcript of the proceedings in Arizona and the exhibits submitted in that hearing.   *Id.* at 617 (noting district court judge's "prerogative" to have a hearing with new evidence).

After the defendant indicated he may seek review of the detention order at the initial

4

appearance, the government made an expedited request for the transcript of the Arizona proceedings.   It expects to have that transcript on Monday, May 7 and will provide it to defense counsel

The government respectfully requests that this matter be handled as follows:   First, the government proposes that the Court order the defendant file a formal motion, on or before May 8, 2018 pursuant to 18 U.S.C. § 3145(b) that explicitly sets forth the grounds on which he seeks to review the district court's order and identifies any new evidence that the defendant seeks to offer in his support.   The defendant's filing of May 3, 2018, ECF No. 402, does none of these things.   It is styled as a "Brief in Support of Request for a Revocation Hearing," but discusses only the procedures related to such a hearing.   The defendant has not explained why he seeks review or identified the legal basis for revocation.   Second, the government proposes that the Court order the government to respond on or before May 9, 2018.

Once such a motion is ripe, section 3145 requires that a District Court judge consider it "promptly."   The government submits that written submissions from the parties regarding the merits of the matter that cite to the record already established in Arizona would assist the Court in promptly (1) deciding whether a new hearing is necessary to consider additional evidence and (2) determining whether it should revoke the order.

## CONCLUSION

The law requires that the defendant file a formal motion pursuant to 18 U.S.C. § 3145(b). That motion should be decided by a district court judge in the District of Colorado. Accordingly, the government proposes that the defendant file such a motion as soon as possible, that the government file a prompt response, and that the District Court, after reviewing those

submissions, make a determination as to whether any detention hearing is necessary or whether,

instead, it can make its *de novo* determination after review of the already established record.

Dated this 3rd day of May, 2018.

Respectfully submitted,

ROBERT C. TROYER
United States Attorney

*s/ Bryan David Fields*
BRYAN DAVID FIELDS
Assistant U.S. Attorney
1801 California Street, Suite 1600
Denver, Colorado    80202
(303) 454-0100
FAX: (303) 454-0402
Email: Bryan.fields3@usdoj.gov
Attorney for the government

**CERTIFICATE OF SERVICE**

I certify that on this 3rd day of May, 2018, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing to all

counsel of record in this case.

s/ *Bryan David Fields*
BRYAN DAVID FIELDS
Assistant United States Attorneys
1801 California Street, Suite 1600
Denver, CO 80202
Telephone 303-454-0100
Facsimile 303-454-0402
bryan.fields3@usdoj.gov

7