# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Case No. 16-cr-00054-WJM-2

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2. TRAMMEL THOMAS,

    Defendant.

---

## GOVERNMENT'S MEMORANDUM REGARDING THE DEFENDANT'S CONTINUED DETENTION

---

The United States of America, by United States Attorney Robert C. Troyer, through Assistant United States Attorney Bryan D. Fields, hereby files this memorandum supporting its contention that the defendant, Trammel Thomas, should be detained pending sentencing pursuant to 18 U.S.C. § 3143.

## PROCEDURAL BACKGROUND

The defendant was convicted by a jury on November 30, 2017. After trial, the Court ordered the defendant released on bond subject to the conditions of release set forth in the original release order issued in the District of Arizona. *See* ECF Nos. 11 and 223; Exhibit C (March 2016 order setting conditions of release).

On March 2, 2018 the government was notified by the Probation Office that the defendant may have violated the conditions of his bond. The government promptly filed a motion seeking to revoke the defendant's bond and for an arrest warrant. ECF No. 333. The

1

Court issued an arrest warrant and the defendant was arrested on March 29, 2018.    ECF No. 369.

After a detention hearing in the District of Arizona, the defendant was ordered detained by United States Magistrate Judge Eileen S. Willet.    Exhibit A (Order of Detention).    The defendant had his initial appearance here in Colorado on April 30, 2018.    During that initial appearance, defense counsel indicated that the defendant was considering his options related to continued detention and asked that any detention hearing be scheduled for May 9, 2018.    In the meantime, the Court asked that any briefing related to procedural issues regarding further proceedings be filed on or before May 3, 2018.

The parties filed their respective briefs regarding procedural issues on May 3, 2018. ECF Nos. 402 and 403.    The defendant asked for a detention hearing before a magistrate judge pursuant to 18 U.S.C. § 3148, as construed in *United States v. Zu Quan Zhu*, 215 F.R.D. 21 (D. Mass 2003); the government responded that the order of detention issued in Arizona must be reviewed *de novo* by a district judge pursuant to 18 U.S.C. § 3145, as that statute has been construed in *United States v. Cisneros*, 328 F.3d 610 (10th Cir. 2003).    The government further proposed expedited briefing on the issue of the defendant's detention and stated that it would provide a copy of the transcript of the Arizona proceedings to the defendant.    The government received that transcript on May 4, 2018 and provided it to defense counsel.    (Exhibit B) (Hereinafter "Az. Transcript.").

On May 8, 2018 the Court issued an order scheduling a status conference in this matter on May 9, 2018 at 2:00.    ECF No. 399.

## LEGAL BACKGROUND

The government's position regarding further proceedings in this matter is set forth in ECF No. 403.

No matter how the Court proceeds — either with a new detention hearing before a magistrate judge or by *de novo* review before a district court judge — the rules for evaluating whether the defendant should be detained are set forth in 18 U.S.C. § 3143 (incorporating certain provisions of 18 U.S.C. § 3142).   That statute governs the release or detention of a defendant after conviction, but before sentencing.   By its terms § 3143 puts the burden on the *defendant* to show by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the community.

## THE DEFENDANT'S VIOLATIONS OF HIS BOND

In anticipation of either a new detention hearing, or review of the existing Arizona detention order, the United States hereby submits this proffer of facts to aid in the court's decision.   *See* 18 U.S.C. § 3142(f) (noting that proceedings may be by proffer); *United States v. Delker*, 757 F.2d 1390, 1395-96 (3d Cir. 1985) (exploring legislative history of Bail Reform Act and concluding that district courts have discretion to conduct detention hearing by proffer); *United States v. Gaviria*, 828 F.2d 667, 670 (11th Cir. 1987) ("We hold that the government as well as the defense may proceed by proffering evidence subject to the discretion of the judicial officer presiding at the detention hearing.").

The government incorporates here by reference the facts relating to the defendant's violations set forth in its initial motion to revoke the defendant's bond.   ECF No. 333, p. 3-4 (noting defendant's lies about his residence, his employment and his drug use).   The

government respectfully submits that the report of the Probation Officer describing the defendant's deceit shows contempt for the judicial process and makes it less likely that a Probation Officer can adequately supervise the defendant and ensure his appearance. Combined with the inherent incentive to flee that comes from the near-certainty that he will receive a substantial custodial sentence of his crimes, this record is sufficient to rebut any showing, by clear and convincing evidence, that the defendant is not a flight risk.

The case that the defendant is a flight risk has only been bolstered since the government filed its motion.   As set forth in the transcript of the defendant's detention hearing, (Exhibit B), and the exhibits admitted at that hearing (Exhibits C - G), the defendant ignored calls from a Probation Officer seeking to schedule a home visit.   Exhibit B at 8.   Indeed, in order to find the defendant the United States Marshals had to interview his former wife, stake out his likely location for several hours of surveillance, *id.* at 9,   and figure out that the defendant was driving a rental car, *id*.   Ultimately, when the Marshals found the defendant's location, he did not cooperate and peacefully surrender.   Instead, he and his girlfriend instigated a multi-hour standoff that required a SWAT team to break the windows of a residence with bean bags and fill it \ with pepper gas.   Exhibit D at 5.   Marshals eventually obtained a warrant to enter the house, where they found the defendant hiding in a bedroom.   *Id.*

Finally, at his detention hearing in Arizona the defendant admitted that he had tested positive for drug use, but claimed he had a prescription.   He did.   But it was from 2016. Furthermore, the defendant had previously told his Probation Officer something different.   He told his Probation Officer that he had not been feeling well and took medication from a "friend." Exhibit B at 6.   The magistrate judge in Arizona saw this for what it was — an attempt to

deceive the court — and noted that the defendant's prescription defense was "unlikely" based on both the age of the prescription and his prior statements about it.    Exhibit A at 3.

The defendant's criminal history, his demonstrated history of defying court supervision, and his actions while on release all demonstrate that he is a flight risk.    No matter how the Court proceeds — whether by § 3145 or § 3148 — it should deny any motion seeking the defendant's release and instead order that he be detained pending sentencing.

Respectfully submitted,

ROBERT C. TROYER
United States Attorney

*s/ Bryan D. Fields*
BRYAN D. FIELDS
Assistant U.S. Attorney
1801 California Street, Suite 1600
Denver, Colorado    80202
(303) 454-0100
FAX: (303) 454-0402
Email: Bryan.fields3@usdoj.gov
Attorney for the government

## CERTIFICATE OF SERVICE

I certify that on this 9th day of May, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

s/ *Bryan D. Fields*_____
BRYAN DAVID FIELDS
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, CO 80202
Telephone 303-454-0100
Facsimile 303-454-0402

bryan.fields3@usdoj.gov
