**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No.  16-cr-00054-WJM-02

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2.    TRAMMEL THOMAS,

    Defendant.
_____

**GOVERNMENT'S RESPONSE TO DEFENDANT TRAMELL THOMAS'S
SENTENCING STATEMENT AND REQUEST FOR A
SPECIFIC/VARIANT SENTENCE, ECF 353**
_____

The United States of America, by and through United States Attorney Robert C. Troyer and Assistant United States Attorneys Martha A. Paluch and Bryan D. Fields, hereby responds to Defendant's Statement and Request for a Specific/Variant Sentence, ECF 353, as follows:

In paragraphs 5 through 18 of his pleading, the defendant repeats arguments he raised in his objections to the presentence report, ECF 348, and/or in his motion for a new trial, ECF 358.  The government fully responded to these arguments in its respective responses, and incorporates those responses herein.  ECFs 357 and 373.

The defendant submits that if he prevails on his objections to three enhancements (loss calculation, obstruction of justice, and minor role reduction) his base offense level is 25.  With a criminal history category of IV, his advisory guideline range would be 84 to 105 months.  ECF 353 at 6.  The defendant then argues that

1

because the Court "has previously imposed sentences at the low end of the guideline computation for co-defendants . . . the Court [should] do the same here and impose an 84-month sentence." *Id.*

This defendant, who went to trial, is not similarly situated to his three co-defendants who all plead guilty to a lesser offense. Therefore, his suggestion that he should be entitled to a sentence at the low end of the advisory guideline range, without more, should be rejected outright.

The defendant next argues, without citing to any case law in support of his argument, that were the Court to impose a sentence of 151 months as recommended by the Probation Department, such a sentence would create a "glaring" disparity between this defendant and his co-defendants. *Id.* The defendant is wrong as a matter of fact and law.

The facts are as follows: This defendant was convicted of all charges in which he was named: Count 1, conspiring to defraud the government with respect to claims, and Counts 2-7, aiding and abetting mail fraud. The base offense level for mail fraud is 7, as compared to 6 for the conspiracy conviction, to which his co-defendants pled. The defendant is not entitled to the three-level reduction in his offense level for acceptance of responsibility that the Court afforded to the defendant's co-defendants. In addition, this defendant is not deserving of a role reduction, but *is* deserving of a two-level enhancement for obstruction of justice as set forth in the presentence report and as argued by the government in its response to the defendant's objections. ECFs 355 at 17 and 357 at 3, 5-8. These six additional points, along with the defendant's criminal

history category of IV, accounts for the difference between his advisory guideline range and that of his co-defendants.

As a matter of law, 18 U.S.C. § 3553(a)(6) directs the district court to consider the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." The Tenth Circuit has explained that "the purpose of the guidelines is to 'eliminate disparities [in sentencing] nationwide . . . not to eliminate disparity between co-defendants." *United States v. Gallegos,* 129 F.3d 1140, 1143 (10th Cir. 1997) (citation omitted). Therefore, while a district court "may consider sentencing disparities between codefendants," *United States v. Zapata,* 546 F.3d 1179, 1194 (10th Cir. 2008), it is not mandated to do so. *United States v. Smart,* 518 F.3d 800, 804 (10th Cir. 2008).

Sentencing disparity between co-defendants is an impermissible basis for departure when the disparity is explained by the facts of the case. *United States v. Contreras,* 108 F.3d 1255, 1271 (10th Cir. 1997) (*Contreras I*) ("while similar offenders engaged in similar conduct should be sentenced equivalently, disparate sentences are allowed where the disparity is explicable by the facts on the record"). The Tenth Circuit has repeatedly held that a defendant convicted at trial is not similarly situated to his co-defendant(s) who pled guilty to different charges. In *United States* v. *Contreras,* 180 F.3d 1204 (10th Cir. 1999) (*Contreras II),* the Court found that the district court abused its discretion in granting the defendant's motion for a downward departure in order to avoid an unwarranted disparity between the defendant, who went to trial and "was convicted by a jury of four separate offenses, while [his co-defendant], pled guilty to one

3

offense." *Id.* at 1207.  The Court held that given these distinctions, "any disparity in their sentences was not 'unwarranted.'"  *Id.* at 1210; *Gallegos*, 129 F.3d at 1144 ("a departure based on a disparity between co-defendants is not justified when sentences are dissimilar because of a plea bargain").

The disparity between this defendant's guideline range and that of his co-defendants is explained by the facts of case, and therefore, the defendant's claim that a higher sentence for him would result in an unwarranted sentencing disparity must be denied.

## Conclusion

For the reasons set forth above, defendant's request for a variant sentence should be denied.

DATED this 11th day of May, 2018.

Respectfully submitted,

ROBERT C. TROYER
United States Attorney

By: s/ *Martha A. Paluch*
MARTHA A. PALUCH
BRYAN DAVID FIELDS
Assistant United States Attorneys
1801 California Street, Suite 1600
Denver, CO 80202
Telephone 303-454-0100
Facsimile 303-454-0402
martha.paluch@usdoj.gov
bryan.fields3@usdoj.gov

4

## CERTIFICATE OF SERVICE

I certify that on this 11th day of May, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to all counsel of record in this case.

>s/ *Martha A. Paluch*
> MARTHA A. PALUCH
> BRYAN DAVID FIELDS
> Assistant United States Attorneys
> 1801 California Street, Suite 1600
> Denver, CO 80202
> Telephone 303-454-0100
> Facsimile 303-454-0402
> martha.paluch@usdoj.gov
> bryan.fields3@usdoj.gov