# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Action No: 16-cr-00054-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2.    TRAMMEL THOMAS,

    Defendant.

## ORDER SETTING REVOCATION HEARING

Magistrate Judge Nina Y. Wang

    This matter comes before the court on the Government's Motion for Arrest Warrant and Revocation of Defendant's Order of Release Pursuant to 18 U.S.C. § 3148 (the "Motion") [#333, filed March 5, 2018], which was referred to this court pursuant to D.C.COLO.LCrR 57.1 and the memorandum dated March 5, 2018 [#334]. On April 4, 2018, the United States Marshal Service arrested Defendant Trammel Thomas ("Defendant" or "Mr. Thomas") in the District of Arizona, *see* [#369], and the Honorable Eileen S. Willett entered an Order of Detention following a detention hearing before the United States District Court for the District of Arizona. *See* [#405-1]. Upon Defendant's return to this District, an issue arose as to whether he was entitled to a Revocation Hearing in this court, or whether the Order of Detention entered by Magistrate Judge Willett constituted an order to revoke bond pending Defendant's sentencing. For the reasons set forth below, this court concludes that Defendant is entitled to a Revocation Hearing.

## BACKGROUND

On February 8, 2016, a grand jury for the District of Colorado returned an indictment against Mr. Thomas on one count of Conspiracy to Defraud the Government with Respect to Claims in violation of 18 U.S.C. § 286, twelve counts of Wire Fraud in violation of 18 U.S.C. § 1343, thirteen counts of Mail Fraud in violation of 18 U.S.C. § 1341, and a forfeiture allegation. [#1]. He was arrested in the District of Arizona, and on March 8, 2016, Magistrate Judge Willett ordered him released and set Conditions of Release. [#11 at 6-7]. The grand jury returned a Superseding Indictment against Mr. Thomas on April 11, 2017, charging him with one count of Conspiracy to Defraud the Government with Respect to Claims in violation of 18 U.S.C. § 286 and seven counts of Aiding and Abetting Mail Fraud in violation of 18 U.S.C. §§ 1341 and 2. [#131]. There additionally remained an allegation of forfeiture. [*Id.*]. Ultimately, Defendant went to trial on counts 1, 2-7 of the Superseding Indictment, and on November 30, 2017, a jury in this District convicted Mr. Thomas of all counts. [#233].

The presiding judge, the Honorable William J. Martinez, then addressed the application of the Bail Reform Act, 18 U.S.C. § 3143(a)(1), with regard to immediate remand. Judge Martinez found clear and convincing evidence that Defendant's Conditions of Release reasonably assured that he would not flee or pose a danger to the safety of the community and that the conditions set forth in 18 U.S.C. § 3143(a)(1) were met, and thus released Defendant subject to the Conditions of Release as set forth in Magistrate Judge Willett's Order Setting Conditions of Release. *See* [#223; #11 at 6-7]. The court set Mr. Thomas's Sentencing Hearing for April 12, 2018 at 9:30 a.m. [*Id.*].

On March 5, 2018, the Government filed the pending Motion pursuant to 18 U.S.C. § 3148. [#333]. The Government asserts that Defendant violated the Conditions of Release by

misrepresenting his employment and his residence, and by testing positive for an opiate. [*Id.*]. Judge Martinez referred the Motion to the undersigned Magistrate Judge, *see* [#334], who issued the arrest warrant and reserved the issue of whether Defendant's bond would be revoked. *See* [#339]. Subsequently, for reasons unrelated to the Motion, Judge Martinez *sua sponte* reset Defendant's Sentencing Hearing to August 9, 2018. [#359].

The United States Marshals arrested Mr. Thomas on April 4, 2018 in the District of Arizona. [#4]. Mr. Thomas waived his identity hearing and production of the warrant, [#370-1], but proceeded to a detention hearing, [#370-6 at 2], and was committed to this District for further proceedings. [#370]. This court held Defendant's initial appearance on April 30, 2018, and addressed at that time whether Mr. Thomas was entitled to another detention hearing or a formal revocation hearing in this District, given Magistrate Judge Willett's Order of Detention. *See* [#399]. The court requested briefing on the issue from both the Government and Defendant, who each filed briefs on May 3, 2018. [#402; #403]. During a Status Conference held May 9, 2018, the undersigned advised the Parties of her conclusion that a Revocation Hearing is necessary and set a Revocation Hearing for May 30, 2018 at 10:30 a.m. [#406].

## ANALYSIS

As discussed above, the Government filed the instant Motion pursuant to 18 U.S.C. § 3148. [#333]. That section, entitled "Sanctions for violation of a release condition," provides in pertinent part:

(a) Available Sanctions.

A person who has been released under section 3142 of this title, and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court.

(b) Revocation of Release.

3

> The attorney for the Government may initiate a proceeding for revocation of an order of release by filing a motion with the district court. A judicial officer may issue a warrant for the arrest of a person charged with violating a condition of release, and the person shall be brought before a judicial officer in the district in which such person's arrest was ordered for a proceeding in accordance with this section. To the extent practicable, a person charged with violating the condition of release that such person not commit a Federal, State, or local crime during the period of release, shall be brought before the judicial officer who ordered the release and whose order is alleged to have been violated.

18 U.S.C. § 3148(a)-(b). In briefing the issue, the Government relies on *United States v. Cisneros*, 328 F.3d 610 (10th Cir. 2003), to argue that, given Magistrate Judge Willett's Order of Detention, any further proceedings regarding Mr. Thomas's detention pending sentencing are governed by 18 U.S.C. § 3145, which "requires that Thomas file a motion seeking revocation or amendment [of Magistrate Judge Willett's Order of Detention] and it requires that the motion be ruled upon by the district judge having original jurisdiction over the matter." [#403 at 2]. The Government further contends that the court is not required to give Defendant another hearing, and that Judge Martinez can determine *de novo* the propriety of the Order of Detention by reviewing the transcript of the proceedings in Arizona and the exhibits submitted therein. [*Id.* at 4].

Mr. Thomas disagrees, and relies on *United States v. Zhu*, 215 F.R.D. 21 (D. Mass. 2003). [#402]. He contends that 18 U.S.C. § 3148 requires him to face a revocation hearing in this District, and that Magistrate Judge Willett's Order of Detention detained him only for the period of time pending his appearance for such revocation hearing, but did not serve as an Order of Revocation itself. [*Id.*]. Defendant distinguishes *Cisneros*, arguing that it arose under 18 U.S.C. § 3145 and involves a defendant challenging his pretrial detention order. [*Id.* at 2]. This court agrees.

There is no question that the warrant that triggered Defendant's arrest emanated from this District, and resulted from the Government's Motion filed pursuant to 18 U.S.C. § 3148, seeking to revoke Defendant's presentencing release for violations of Conditions of Release imposed by Judge Martinez in this District. [#333, #223]. While Magistrate Judge Willett originally set Mr. Thomas's Conditions of Release, it was Judge Martinez who adopted them as presentencing Conditions of Release for the purposes of 18 U.S.C. § 3143. *See* [#223]. Upon motion by the Government to initiate a proceeding for revocation of an order of release:

> A judicial officer may issue a warrant for the arrest of a person charged with violating a condition of release, and ***the person shall be brought before a judicial officer in the district in which such person's arrest was ordered for a proceeding in accordance with this section***.

18 U.S.C. § 3148(b) (emphasis added). As applied herein, the Government moved the court in this District to initiate a proceeding for revocation of an order of release. [#333]. The governing statute requires that the subject of the motion (Mr. Thomas) then be brought before a judicial officer in the district in which such person's arrest was ordered (the District of Colorado) for a proceeding in accordance with this section (Revocation Hearing).

The Government argues that Magistrate Judge Willett's Order is sufficient to revoke Defendant's presentencing bond, and that Defendant is effectively detained under 18 U.S.C. § 3145(b). This court finds that Defendant is validly detained pursuant to Rule 40(c) of the Federal Rules of Criminal Procedure, which permitted Magistrate Judge Willett to modify Judge Martinez's previous release order. Fed. R. Crim. P. 40(c). But this court agrees with the *Zhu* court that Magistrate Judge Willett's detention order detains Mr. Thomas only until this District can hold a proceeding in accordance with 18 U.S.C. § 3148, i.e., the Revocation Hearing. *See Zhu*, 215 F.R.D. at 24. Otherwise, the plain language of § 3148 would be rendered meaningless.

5

This conclusion is consistent with the Tenth Circuit's decision in *Cisneros*, in which the court was careful to first determine the statutory basis for the Government's request to revoke the defendant's pretrial release. This court is equally precise here about the Government's statutory basis for revocation—a violation of one or more of Defendant's presentencing Conditions of Release under 18 U.S.C. § 3148.[1] This determination is also consistent with our sister court's ruling in *United States v. Thurston*, No. 04-M-8021-01-DJW, 2004 WL 2370696 (D. Kan. 2004), in which the court found that § 3148 allowed the judicial officer who had originally set the conditions of release to order the defendant detained pending a final revocation hearing for violations of pretrial release emanating out of the United States District Court for the Western District of Texas. *Id.* at *2. And while the undersigned Magistrate Judge would not otherwise pass on Defendant's detention following Magistrate Judge Willett's Order of Detention, *see Cisneros*, 328 F.3d at 615, occasion to do so results from Judge Martinez's referral of the Motion pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCr R 57.1(b)(9), which permits magistrate judges to "conduct hearings and issue orders under the Bail Reform Act of 1984, 18 U.S.C. §§ 3141-56."

## CONCLUSION

Accordingly, for the reasons set forth herein, **IT IS ORDERED** that a Revocation Hearing is set before the undersigned Magistrate Judge for **May 30, 2018 at 10:30 a.m.**, in Courtroom C-204, 2d Floor, Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado.

---

[1] The Government has not moved under 18 U.S.C. § 3145(a) for review of Judge Martinez's Order releasing Defendant pending sentencing, because the plain language of that statute precludes any such motion. Nor has the Government moved, nor could it, under 18 U.S.C. § 3142(f), which governs *pretrial* release and detention. And while 18 U.S.C. § 3143 specifically addresses release or detention pending sentencing, it does not appear to include any express provision as to revocation of a previously-entered Order of Release.

DATED: May 15, 2018          BY THE COURT:

Nina Y. Wang  
United States Magistrate Judge