# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Action No: 16-cr-00054-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2.    TRAMMEL THOMAS,

    Defendant.

_____

## ORDER OF DETENTION
_____

Magistrate Judge Nina Y. Wang

    This matter comes before the court on the Government's Motion for Arrest Warrant and Revocation of Defendant's Order of Release Pursuant to 18 U.S.C. § 3148 (the "Motion") [#333, filed March 5, 2018], which was referred to this court pursuant to D.C.COLO.LCrR 57.1 and the Memorandum dated March 5, 2018 [#334]. The United States Marshals Service arrested Defendant Trammel Thomas ("Defendant" or "Mr. Thomas") on April 4, 2018 in the District of Arizona. [#369]. The Honorable Eileen S. Willett of the United States District Court for the District of Arizona entered an Order of Detention pending his Revocation Hearing. [#405-1]. That Revocation Hearing occurred before this Magistrate Judge on May 31, 2018, where the Parties proceeded by proffer and offered argument as to whether Defendant's bond should be revoked and whether he should be detained pending his sentencing hearing scheduled for August 8, 2018 before the presiding judge, the Honorable William J. Martinez.

## BACKGROUND

On February 8, 2016, a grand jury for the District of Colorado returned an indictment against Mr. Thomas on one count of Conspiracy to Defraud the Government with Respect to Claims in violation of 18 U.S.C. § 286; twelve counts of Wire Fraud in violation of 18 U.S.C. § 1343; thirteen counts of Mail Fraud in violation of 18 U.S.C. § 1341; and a forfeiture allegation. [#1]. He was arrested in the District of Arizona, and Magistrate Judge Willett ordered him released, setting Conditions of Release on March 8, 2016. [#11 at 6–7]. The grand jury returned a Superseding Indictment against Mr. Thomas on April 11, 2017, charging him with one count of Conspiracy to Defraud the Government with Respect to Claims in violation of 18 U.S.C. § 286; and seven counts of Aiding and Abetting Mail Fraud, in violation of 18 U.S.C. §§ 1341 and 2. [#131]. In addition, there remained an allegation of forfeiture. [*Id.*]. Ultimately, Defendant went to trial on counts 1–7 of the Superseding Indictment, and a jury in this District convicted Mr. Thomas of all such counts. [#233].

Judge Martinez then addressed the application of the Bail Reform Act, 18 U.S.C. § 3143(a)(1) with regard to immediate remand. Finding clear and convincing evidence that the Defendant's conditions of Release reasonably assure that he will not flee or pose a danger to the safety of the community, and that the conditions set forth in 18 U.S.C. § 3143(a)(1) were met, Judge Martinez released Defendant subject to the Conditions of Release as set forth in Magistrate Judge Willett's Order Setting Conditions of Release. [#223; #11 at 6–7]. The court set Mr. Thomas's Sentencing Hearing for April 12, 2018 at 9:30 a.m. [#223 at 2].

On March 5, 2018, the Government filed the instant Motion. [#333]. Specifically, the United States argued that Defendant had violated the Conditions of Release by misrepresenting his employment and his residence, and by testing positive for an opiate. [*Id.*]. Judge Martinez

2

referred the Motion to the undersigned Magistrate Judge [#334], who issued the arrest warrant and reserved the issue of whether Defendant's bond would be revoked. [#339]. Subsequently, for reasons unrelated to this Motion, Judge Martinez *sua sponte* reset Defendant's Sentencing Hearing to August 9, 2018. [#359].

The United States Marshals arrested Mr. Thomas on April 4, 2018 in the District of Arizona. [#369]. Mr. Thomas waived his identity hearing and production of the warrant. [#370-1]. But he proceeded to a detention hearing [#370-6 at 2] and was committed to this District for further proceedings. [#370]. As discussed above, Magistrate Judge Willett, who set Mr. Thomas's original pretrial release conditions, ordered that he be detained. [#405-1]. The Parties appeared before this court for a Revocation Hearing on May 30, 2018 at 2:30 p.m.

## ANALYSIS

Judge Martinez released Mr. Thomas pursuant to 18 U.S.C. § 3143(a), subject to the same pretrial conditions as initially set by Magistrate Judge Willett in 2016. [#223; #11 at 6–7]. Those conditions included that he would:

- immediately advise the Court, defense counsel and U.S. Attorney in writing of a change in address/telephone number;

- maintain or actively seek verifiable employment (or combination of work/school) if Defendant is physically and medically able and provide proof of such to Pretrial Services;

- report as directed to the U.S. Pretrial Services 1-800-769-7609 or 602-322-7350; and

- refrain from the use or possession of any narcotic or other controlled substance unless prescribed for defendant by a licensed medical practitioner in the court of his/her legitimate medical practice.

[#11 at 6].

On March 5, 2018, the Government filed the instant Motion pursuant to 18 U.S.C. § 3148. [#333]. The Government argued at the Revocation Hearing that 18 U.S.C. § 3143 applied to the court's analysis, because Defendant is on presentencing release and Defendant bore the burden of establishing that he was neither a risk of flight nor a danger to the community. *See also* Fed. R. Crim. P. 32.1(a)(6). While Judge Martinez applied that standard in the first instance when setting Defendant's conditions of release pending sentencing, this court finds that it is more appropriate to analyze the issue pursuant to § 3148(b), the basis of the Government's Motion and consistent with the law of the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit"). *See United States v. Cook*, 880 F.2d 1158, 1162 (10th Cir. 1989) (applying 18 U.S.C. § 3148 in determining whether a bond continued after sentencing but pending appeal should be revoked).

Pursuant to § 3148, "a judicial officer shall enter an order of revocation and detention if, after hearing, the judicial officer –

(1) finds that there is—

(A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or

(B) clear and convincing evidence that the person has violated any other condition of release; and

(2) finds that—

(A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or

(B) the person is unlikely to abide by any condition or combination of conditions of release.

4

> If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community. If the judicial officer finds that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by such conditions, the judicial officer shall treat the person in accordance with the provisions of section 3142 of this title and may amend the conditions of release accordingly.

18 U.S.C. § 3148(b).  The Government bears the burden of proof and persuasion, unless there is probable cause to believe that while on release, the defendant committed another Federal, State, or local felony that then shifts the burden of production, but not persuasion, to defendant to rebut the presumption.  *Cook*, 880 F.2d at 1162.  Therefore, under § 3148(b)(1) the Government must prove by establishing probable cause that Mr. Thomas committed another felony while on release or by clear and convincing evidence that he violated any other terms of his release. While this court found no controlling Tenth Circuit law on point, other federal courts have held that the Government must establish § 3148(b)(2) factors by a preponderance of the evidence. *See United States v. Gotti*, 794 F.2d 773, 778 (2d Cir. 1986); *United States v. Davis*, No. CRIM.A. 09-343, 2012 WL 895918, at *1 (E.D. Pa. Mar. 16, 2012); *United States v. Poinsett*, 953 F. Supp. 37, 38 (N.D.N.Y. 1997).   The language of the statute is unequivocal and mandatory, *i.e.*, if the court, after a hearing, makes such findings, the judicial officer **shall** enter an order of **revocation and detention**.

The Government argues in its Motion that use of hydrocodone without a prescription is a crime in Arizona.[1]  [#333 at 5].  But the Parties offered little argument regarding whether or not Defendant committed a felony, and it appears that possession or use of a prescription-only drug

---

[1] Ariz. Rev. Stat. § 13-3406(A)(1) provides that a person shall not knowingly: "[p]ossess or use a prescription-only drug unless the person obtains the prescription-only drug pursuant to a valid prescription of a prescriber who is licensed pursuant to title 32, chapter 7, 11, 13, 14, 15, 16, 17, 21, 25 or 29 or is similarly licensed in another state."

without a valid prescription is a class 1 misdemeanor. Ariz. Rev. Stat. § 13-3406(B)(3). Accordingly, regardless of whether Mr. Thomas properly possessed the hydrocodone, this court finds that the Government has not established probable cause that he committed another Federal, State, or local felony to trigger the presumption of revocation and detention.

Thus, the court now turns to whether the Government has established, by clear and convincing evidence, that Defendant violated other conditions of his release and, if so, whether the Government has established, by a preponderance of the evidence, that based on the conditions set forth in § 3142(g), there is no condition or combination of conditions of release that will assure that Defendant will not flee or pose a danger to the safety of any other person or the community, *or* Defendant is unlikely to abide by any condition or combination of conditions of release. Based on the record before the court, I find that the Government has established by clear and convincing evidence that Defendant has violated at least three conditions of his release by failing to: (1) immediately advise the Court, defense counsel and U.S. Attorney in writing of a change in address/telephone number; (2) maintain or actively seek verifiable employment (or combination of work/school) if Defendant is physically and medically able and provide proof of such to Pretrial Services; and (3) report as directed to the U.S. Pretrial Services 1-800-769-7609 or 602-322-7350.

Specifically, Defendant has admitted that he failed to advise the court or the Government of changes in his address while he was living with different individuals while on release [#405-6 at 4], and his Probation Officer was unable to verify the address that he provided during the presentencing interview. In addition, his Probation Officer was unable to verify his employment through various attempts, including visiting the location of the employer and attempting to contact the employer through telephone and social media. Indeed, the United States Marshals

6

note that all attempts to locate Mr. Thomas's alleged employer were exhausted with negative results. [#405-4 at 2]. Finally, when contacted by his Supervising Officer to set up a home visit on March 13, 2018, Defendant never returned the call. [*Id.* at 1]. While Defendant characterizes these violations as "de minimis" and "non-material," this court respectfully disagrees, and notes that the statute provides no excuse even if this court were to find the various violations de minimis.

The court also finds that Defendant poses a risk of non-appearance justifying detention. The circumstances of his arrest are undisputed. This court issued a warrant for his arrest on March 6, 2018. [#339]. Unaware that Defendant was physically located in Arizona, the court set a Revocation hearing for March 9, 2018, which was vacated upon the inability to find Mr. Thomas. Mr. Thomas continued to avoid arrest for almost a month. Further, it is undisputed that when the United States Marshals went to execute the arrest warrant, Mr. Thomas attempted to evade arrest. And while Mr. Thomas attributes that to his fear of law enforcement, this court finds this explanation unconvincing given the other circumstances presented here. Accordingly, this court finds, based on his evasive behavior regarding his residence and employment and the circumstances of his arrest, that no condition or combination of conditions can reasonably assure the appearance of Defendant for his sentencing in August. In addition, while not necessary, this court further finds that the record reflects that Defendant's evasive actions regarding his residence and employment warrant a finding that Defendant is unlikely to abide by any condition or combination of conditions of release.

## CONCLUSION

For the reasons set forth herein, **IT IS ORDERED** that:

(1)     The Government's Motion for Arrest Warrant and Revocation of Defendant's Order of Release Pursuant to 18 U.S.C. § 3148 [#333] is **GRANTED**;

(2)     Defendant Trammel Thomas is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(3)     Defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

(4)     Upon order of this Court or on request of an attorney for the United States, the person in charge of the corrections facility shall deliver defendant to the United States Marshals for the purpose of an appearance in connection with this proceeding, including but not limited to his Sentencing Hearing before the Honorable William J. Martinez on August 8 2018 at 9:30 a.m. [#413].

DATED:  May 31, 2018                      BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge