**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 16-cr-00054-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**2.   TRAMMEL THOMAS**

    Defendant

**DEFENDANT'S RESPONSE TO GOVERNMENT'S SUPPLEMENTAL SENTENCING STATEMENT AND OBJECTION TO AMENDED PRESENTENCE REPORT**

Comes now the Defendant by and through his counsel, Daniel T. Smith and Thomas E. Goodreid, and pursuant to this Court's Order at docket # 440, submits the following response to the government's supplemental sentencing statement and objection to the amended presentence report.

1. On July 24, 2018 the government filed its supplemental sentencing statement at docket #435.
2. On July 25, 2018 the Probation Department filed its Amended Presentence report at docket # 437.
3. This Court Ordered the Defendant to file his response, by Monday August 6, 2018 at docket # 440.
4. Both the government in its supplemental pleading, and the Probation Department in the Amended Presentence Report at paragraph # 97 ask the Court to impose a 2 point adjustment in the Defendant's Offense Level pursuant to USSG 3C1.2

1

## FACTS

5. The government in prior Court hearings has provided the Defendant with 2 statements from Deputy United States Marshall (DUSM) Faranda concerning the arrest of the Defendant on March 30, 2018. From those statements it appears that law enforcement officers surrounded a residence where they believed the Defendant was living on March 30, 2018. After several hours a young lady exited the residence. This was after law enforcement had shot "less than lethal" beanbags into the residence as well as "less than lethal" pepper spray.

6. After the female had left the residence, law enforcement agents entered the home and arrested the Defendant. In reviewing DUSM Faranda's reports it appears that the Defendant put up no resistance and no questioning or statements were elicited from the Defendant at the time of his arrest. He was taken from the residence and detained in a federal detention facility in the Phoenix, Arizona metropolitan area.

## ARGUMENT

7. USSG 3C1.2 states: "If the Defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer,…". The Defendant submits that the language in this section requires action by the Defendant while he is fleeing law enforcement that creates the risk of death or serious bodily injury.

8. As one would expect, most of the cases that discuss this enhancement provision involve vehicle chase fact patterns. In *U. S. v. Scott* 131 f3d 1387 (10th Cir. 1997) the risk was created by the defendant leading law enforcement on a vehicle chase through populated areas at speeds reaching 100 mph. In *U. S. v. Wilfong* 475 f3d 1214 (10th Cir. 2007), the defendant and a cohort led law enforcement on a high speed chase all the

2

while attempting to rid themselves of evidence of their crime by throwing objects from the speeding car.

9. In the case *U. S. v. Gray* 512 Fed.Appx. 803 (10th Cir. 2013) the Court makes clear that USSG 3C1.2 is designed to punish actions committed by the Defendant. The Court states at pg. 807 of the *Gray* opinion: "A defendant acts recklessly for purposes of this enhancement when he 'was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation'".

10. Cases concerning this enhancement have also arisen which did not involve car chases but still involved actions by a defendant that created the dangerous situation. In *U. S. v. Hampton* 100 Fed.Appx. 792 (10th Cir. 2004) the defendant ran from law enforcement, tried to force his way into a residence and in so doing threw a firearm and ammunition into the residence. The potential for death or serious bodily injury because of these actions is obvious.

11. In *U. S. v. Brown* 314 f3d 1216 (10th Cir. 2003) a defendant while fleeing law enforcement attempted to hide a gun in a water turn off hole. The danger of the defendant's actions was increased because his efforts to hide the gun was witnessed by several young children. The Court noted the potential dangers that the defendant created had the children attempted to retrieve the weapon.

12. In *U. S. v. Simpson* 845 f3d 1039 (10th Cir. 2017) law enforcement surrounded the defendant while he was sitting in his car. He ignored the requests to get out of his car and surrender. Instead, he started his car and in reverse gear rammed a police vehicle parked behind him. It was not the defendant failing to surrender at the request of law enforcement that warranted the enhancement, but rather his ramming the police vehicle.

13. In the case at bar, the Defendant simply did not surrender to law enforcement when they so requested. At no time did the Defendant threaten law enforcement nor did he try to run from law enforcement. Rather, he remained in the residence and failed to respond to law enforcement's requests. Once law enforcement entered the home, the Defendant submitted to the arrest. At no time did he offer any resistance.
14. In this case, the Defendant was not fleeing any crime scene nor fleeing from any other scene. He was simply at his home and he chose to stay there. There is no evidence of threatening actions on the part of the Defendant nor any resistance when finally arrested.
15. The Defendant objects to the recommendation of the Probation Department in paragraph 97 which recommends a 2 point enhancement pursuant to USSG 3C1.2.
16. The Defendant requests that the Court deny the request by the government to assess the same adjustment against the Defendant as requested in its motion at docket # 435.
17. It is the understanding of counsel, that the government intends to put on evidence at the sentencing hearing for this Defendant on August 8, 2018. To the extent that such evidence goes beyond or contradicts the statements previously provided to the defense, the Defendant requests he be allowed to supplement this response at the hearing.

Dated this 6th day of, August, 2018

        Daniel T. Smith Attorney at Law

        s/ Daniel T. Smith
        Daniel T. Smith
        4582 S. Ulster St. #1400
        Denver, Colorado 80237
        Telephone: 303 860 8100
        Fax: 303 860 8018
        danieltsmith@qwestoffice.net

        Thomas E. Goodreid Attorney at Law

        s/ Thomas E. Goodreid
        Thomas E. Goodreid
        1801 Broadway #1400
        Denver, Co. 80202
        Telephone: 303 296 2048
        Fax: 303 292 0522
        t.goodreid@comcast.net

        Attorneys for Trammel Thomas

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 6, 2018 the foregoing **DEFENDANT'S RESPONSE TO GOVERNMENT'S SUPPLEMENTAL SENTENCING STATEMENT AND OBJECTION TO AMENDED PRESENTENCE REPORT** was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of said filing to all counsel of record.

        s/ Daniel T. Smith

5