```
 1                    UNITED STATES DISTRICT COURT
                          DISTRICT OF COLORADO
 2

 3   UNITED STATES OF AMERICA,    .  Case No. 16-cr-00054-WJM-2
                                  .
 4            Plaintiff,          .
                                  .  Alfred A. Arraj US Courthouse
 5   vs.                          .  901 19th Street
                                  .  Denver, CO  80294
 6   TRAMMEL THOMAS, et al.,      .
                                  .
 7            Defendants.         .  May 9, 2018
     . . . . . . . . . . . . . .     2:03 p.m.
 8
            TRANSCRIPT OF PROCEEDINGS HELD BEFORE THE HONORABLE
 9            NINA Y. WANG, UNITED STATES MAGISTRATE JUDGE

10   APPEARANCES:

11   For the Plaintiff:           U.S. Attorney's Office
                                  By:  Bryan D. Fields
12                                1801 California Street
                                  Suite 1600
13                                Denver, CO  80202
                                  (303) 454-0100
14
     For the Defendant            Law Office of Thomas Goodreid
15   Trammel Thomas:              By:  Thomas E. Goodreid
                                  1801 Broadway
16                                Suite 1400
                                  Denver, CO  80202
17                                (303) 296-2048

18   Also Present:                Trammel Thomas, in custody

19   Court Recorder:              Clerk's Office
                                  U.S. District Court
20                                901 19th Street
                                  Denver, CO  80294
21
     Transcription Service:       AB Court Reporting & Video
22                                216 16th Street, Suite 600
                                  Denver, CO  80202
23                                (303) 296-0017

24
     Proceedings recorded by electronic sound recording;
25   transcript produced by transcription service.
```

1                    (Time noted:  2:03 p.m.)
2              THE COURT CLERK:  All rise.  Court is now in
3  session.
4              THE COURT:  Thank you.  Please be seated.
5              We are on the docket in 16-cr-54-WJM, United
6  States of America versus Trammel Thomas.
7              Could I have appearances of counsel, please?
8              MR. FIELDS:  Good afternoon, Your Honor, Bryan
9  Fields for the United States.
10             THE COURT:  Good afternoon, Mr. Fields.
11             MR. GOODREID:  And good afternoon, Your Honor,
12 Thomas Goodreid here on behalf of Mr. Thomas.  He is present
13 to the Court's right in the jury box, in custody.
14             THE COURT:  All right, good afternoon, Mr.
15 Goodreid.  And good afternoon, Mr. Thomas.
16             We are here today on a status conference on the
17 various briefs that have been filed with respect to whether
18 or not the Defendant should receive a revocation hearing in
19 this case before this Court.
20             And so I've been through your papers.  I have also
21 been through the case law, and spent time with the Statute.
22             I plan on issuing a written order on this, but I
23 thought it would be appropriate to get you all together.
24             I do think that it is appropriate under the
25 Statute, as I read it, and the case law, to hold a revocation

1 hearing.
2             I do think that the Arizona Court's detention
3 order holds Mr. Thomas until that revocation hearing can
4 occur.
5             And because I didn't give you notice that today
6 would be the revocation hearing, unless the Government is
7 prepared to proceed, and I don't have a representative from
8 probation here, I think the most appropriate thing would be
9 to set a further revocation -- an actual revocation hearing,
10 as opposed to a status conference.
11             But the way I see it is the Government's -- and
12 this will all be laid out in the written order, the
13 Government moves for revocation under 3148, which is a
14 violation of the conditions of release, as opposed to what
15 happened in *United States v. Cisneros,* which was the
16 Government sought to revoke a pre-trial detention order on
17 the basis that there was additional information that came to
18 the prosecutor's attention that warranted revisiting a order
19 of detention -- I'm sorry, an order of release in that case.
20             But I can articulate that better through a written
21 order than I can on the record right now.
22             That's a long way of saying I think we need to set
23 a revocation hearing.  I think it's a similar posture to when
24 I see a supervised release violation.
25             And because Judge Martinez has referred the

1   revocation to me, instead of going back to Judge Martinez,
2   who you would go back to if you had a supervised release
3   violation, you're coming to me as an interim stop.
4            To the extent after that the parties have any
5   objections, those can be appealed back up to Judge Martinez.
6            So that's a long way of saying I'll issue a
7   written order, and somebody, Judge Martinez, the Tenth
8   Circuit, can tell me that I'm reading these Statutes wrong.
9   That is not out of the realm of possibility, and the reason
10  why I'm writing something about it, is that I think it would
11  be helpful in these types of scenarios to have case law in
12  our District.
13           The other Magistrate Judges may not agree with me.
14  An Article III Judge might not agree with me.  But I think
15  that the parties in these kinds of cases deserve a written
16  record of what's happened, as opposed to me simply setting a
17  revocation hearing and moving forward.
18           So that's why I'm going to write about it, okay?
19           So that just means that you're going to have to
20  wait a little bit for that order.  It is on the top of my
21  priority list.
22           But today, I think we need to set a revocation
23  hearing.
24           So, that being said, Mr. Fields, do you anticipate
25  wanting the probation officer from Arizona to appear?

1   Because as I understand it, Mr. Thomas was supervised out of
2   the District of Arizona, and that's where the violations
3   arose.
4               MR. FIELDS:  That's correct, Your Honor.  And I
5   would request permission for that probation officer to attend
6   by phone, if the Court --
7               THE COURT:  That's fine.
8               MR. FIELDS:  Okay.  And the same with the Deputy
9   U.S. Marshal who was involved in the apprehension, if he
10  could attend by phone, that's how we'd like to proceed.
11              THE COURT:  All right, that's fine.  So when do
12  you all think that you'll be ready to proceed with the actual
13  revocation hearing?
14              MR. FIELDS:  Your Honor, personally I'm free this
15  Friday.  I would like to contact the witnesses, the probation
16  officer in Arizona, and the Deputy U.S. Marshal, to confirm
17  their availability.
18              But as of now, that works for me.
19              THE COURT:  All right.  Mr. Goodreid?
20              MR. GOODREID:  Your Honor, I'm going to throw a
21  monkey wrench into these works.  But I would anticipate, in
22  consultation with Mr. Smith, that defense counsel may very
23  soon be filing a motion to withdraw.
24              THE COURT:  Okay.
25              MR. GOODREID:  And that does center around this

1  hearing, to some extent.  That's all I can say at the moment.
2           So I don't know if the Court wants the fact that I
3  do not know if Judge Martinez will refer that motion to you,
4  but I do anticipate that being filed in the next day or two.
5           THE COURT:  All right.
6           MR. GOODREID:  Sorry to make it more complicated.
7           THE COURT:  So, frankly, I mean, Mr. Thomas is
8  subject to the order of detention out of the District of
9  Arizona until and unless he has a revocation hearing.
10          And my reading of the Statute does not require me
11 to have the revocation hearing in any particular amount of
12 time.  I don't read it that way.
13          So given that information, Mr. Goodreid, I'm
14 actually inclined to set this for a revocation hearing for
15 the next time I'm on criminal duty, which is at the end of
16 this month, the week of May 28th.  That gives you time to
17 file whatever motion you need to file with respect to the
18 motion to withdraw, and hopefully it will be resolved before
19 we get to a proceeding on revocation.
20          And Mr. Thomas might have the benefit -- I mean,
21 he can't proceed -- well, he could, but it's unlikely that he
22 will proceed at a revocation hearing without representation.
23 It might allow the Court to adjudicate the request for
24 withdrawal, and then Mr. Thomas be able to make an educated
25 choice as to whether or not he's going to contest revocation,

1  or not contest revocation, because I'm not assuming that,
2  either.
3           All I'm finding today, and all I'll find in the
4  order, is the procedural rights to have a revocation hearing,
5  and I'm not pre-determining what arguments might be made at
6  that hearing or what evidence might be presented, or what
7  determination might be made at that proceeding.  Okay?
8           So if that -- if counsel is amenable to that, and
9  Mr. Thomas is amenable to that, I would set you all some time
10 for the week of -- well, the 28th is Memorial Day, so the
11 week of the 29th, so as not to put a further imposition on
12 our United States Marshals to try to get him back here in my
13 Courtroom when they have criminal duty and other criminal
14 matters to service within the Court, particularly given the
15 fact that this motion to withdrawn, and it's only two weeks
16 away.
17          MR. FIELDS:  That's acceptable to the Government,
18 Your Honor.
19          THE COURT:  Mr. Goodreid?
20          MR. GOODREID:  Your Honor, obviously no objection
21 from this side.
22          THE COURT:  All right.  So what I'm going to do is
23 I'm going to set this for a revocation hearing.  And I'm
24 going to set it for 10:30 a.m. on May 30th.
25          I have the criminal docket that week, so just so

```
 1  you all know, it could be 10:30, or if I have a busy 10:00
 2  o'clock docket, it could be 11:30.  It just really depends.
 3              But that -- I'm setting it at 10:30 so that the
 4  Marshals can bring Mr. Thomas with the other defendants I
 5  might see on the 10:00 o'clock docket, and we will proceed
 6  immediately after the 10:00 o'clock docket with the
 7  revocation hearing.
 8              All right.  Does that make sense to counsel?
 9              MR. FIELDS:  Yes, Your Honor.  Thank you.
10              MR. GOODREID:  Yes, Your Honor.  Thank you.
11              THE COURT:  All right.  Anything further today?
12              MR. FIELDS:  No, Your Honor.  Thank you very much.
13              MR. GOODREID:  Nothing from the defense, Your
14  Honor.
15              THE COURT:  All right.  Thank you very much.
16  We'll be in recess.
17              THE COURT CLERK:  All rise.
18                    (Time noted:  2:12 p.m.)
19                         * * * * *
20
21
22
23
24
25
```

```
 1                         CERTIFICATE
 2       I, RANDEL RAISON, certify that the foregoing is a
 3  correct transcript from the official electronic sound
 4  recording of the proceedings in the above-entitled matter, to
 5  the best of my ability.
 6
 7
 8  _____          October 7, 2019
 9  Randel Raison
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```