IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 16-cr-054-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.   HEATHER CARR,
2.   **TRAMMEL THOMAS,**
3.   MERCEDES DIAZ, AND
4.   MARCELLE GREEN,

    Defendants.

---

**ORDER DENYING DEFENDANT'S REQUEST FOR REDUCTION IN SENTENCE UNDER COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)**

---

This matter is before the Court on Defendant Trammel Thomas's Request for Reduction in Sentence Under Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) ("Motion"), filed on February 15, 2022.  (ECF No. 555.)  The Government responded on March 18, 2022 (ECF No. 558), and the Defendant replied on April 22, 2022 (ECF No. 566).

For the reasons set forth below, the Motion is denied.

### I. BACKGROUND

On November 30, 2017, a jury found Defendant guilty of one count of conspiracy to defraud the Government, in violation of 18 U.S.C. § 286 and six counts of aiding and abetting mail fraud, in violation of 18 U.S.C. §§ 1341 and 2.  (ECF Nos. 223, 480.)

On June 4, 2019, Defendant was sentenced to a total term of imprisonment of 120 months to run concurrently on all counts of conviction, and 3 years' concurrent supervised release, and he was ordered to pay a $700 special assessment and $563,890.85 of restitution.  (ECF Nos. 477, 480.)  To date, Defendant has served approximately 4 years of his 10-year sentence.  He is housed at FCI Phoenix, a facility of the Federal Bureau of Prisons ("BOP").  (ECF No. 555 at 4.)

## II.  LEGAL STANDARD

Defendant invokes the Court's authority to grant what is commonly referred to as "compassionate release."  The statutory basis for compassionate release is as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> * * *
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c).

In short, to release Defendant from confinement immediately under this authority, the Court would need to re-sentence him to time served.

### III.  ANALYSIS

As an initial matter, the parties dispute whether Defendant has properly exhausted his administrative remedies.  (*Compare* ECF No. 555 at 2 *with* ECF No. 558 at 5–6.)  Nonetheless, the Court will assume for purposes of the Motion that Defendant has properly exhausted his administrative remedies and will therefore consider the merits of his request.

### A. Extraordinary and Compelling Circumstances

The Court first considers whether extraordinary and compelling circumstances justify Defendant's release.  *See* 18 U.S.C. § 3582(c).  In making this determination, the Court acknowledges the Tenth Circuit's recent guidance in *United States v. Carr*, 851 F. App'x 848, 853 (10th Cir. 2021), holding that a district court retains broad discretion to define extraordinary and compelling circumstances and is not constrained by United States Sentencing Commission policy statements.  *Id.* at *4–5; *see also United States v. Maumau*, 994 F.3d 821, 834 (10th Cir. 2021) (stating that "district courts . . . have the authority to determine for themselves what constitutes 'extraordinary and compelling reasons'").

Defendant argues that extraordinary and compelling circumstances justify his immediate release because he is at increased risk of developing severe COVID-19 due to his medical conditions.  (ECF No. 555 at 3.)  Specifically, he contends that he is obese and suffers from asthma, an autoimmune disease, severe opioid use disorder,

3

and long-COVID.  (ECF No. 566 at 5.)  He admits that he previously contracted COVID-19 in December 2020 and identifies himself as a COVID-19 long-hauler.  (ECF No. 555 at 4.)  Defendant further emphasizes that the past two years of the COVID-19 pandemic have been "nothing but continuous lockdowns" and that "the combination of overcrowding, chronic staffing shortages[,] and aging facilities makes prison facilities particularly ill-equipped to adapt to social distancing, ventilation, sanitation[,] and other health guidelines . . . to mitigate the spread of the coronavirus and different variants."  (*Id.* at 2–3.)

Although Defendant's medical conditions may be risk factors for severe COVID-19, the BOP website reflects that zero cases of inmates with the virus currently exist at FCI Phoenix and that only one staff member currently has an active case.  *See BOP: COVID-19 Update*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited May 4, 2022).  The weight of authority thus far underscores the conclusion that extraordinary and compelling circumstances generally do not exist where there are no confirmed cases of the virus at the prisoner's facility.  *See, e.g.*, *United States v. Harden*, 2020 WL 4499993, at *2 (D. Colo. Aug. 5, 2020) (denying compassionate release despite medical conditions of asthma and bronchitis where no confirmed cases exist at facility); *United States v. Yurek*, 2020 WL 3415371, at *1–2 (D. Colo. June 22, 2020) (same); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (stating that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release").

In addition, the Court notes that there have been numerous advancements associated with the COVID-19 pandemic since Defendant last tested positive for

COVID-19 in 2020, including the development of highly effective vaccines for COVID-19, which are available to the public, including BOP inmates.  *See BOP: COVID-19 Update*, Federal Bureau of Prisons, COVID-19 Vaccine Implementation, https://www.bop.gov/coronavirus/index.jsp (last visited May 4, 2022).

Moreover, Defendant's medical records reflect that he refused both the Pfizer and Moderna COVID-19 vaccines.[1]  (ECF No. 558-2 at 42.)  As numerous courts around this country have recognized, a defendant's vaccination status is highly relevant to the determination of whether there are extraordinary and compelling circumstances warranting release at this stage of the COVID-19 pandemic.  *See, e.g.*, *United States v. Paulino*, 2021 WL 5038994, at *3 (D. Conn. Oct. 29, 2021) (finding a defendant's refusal "to vaccinate to protect himself and others highly unfavorable to his claim that a modification of his sentence is necessary for his safety in prison" and concluding that defendant "has not presented extraordinary and compelling reasons warranting a modification of his sentence"); *United States v. Rivas*, 2021 WL 3603471, at *5 (E.D. Tex. Aug. 13, 2021) (recognizing that "[a] denial of vaccination is a denial of self-care, and refusing the vaccine that would mitigate risks of infections negates any extraordinary and compelling circumstances"); *United States v. Figueroa*, 2021 WL 1122590, at *5 (E.D. Cal. Mar. 24, 2021) ("If defendants could buttress their motions for compassionate release by refusing a safe and effective vaccine, they would be operating on an unfairly perverse incentive."); *United States v. Goston*, 2021 WL

---

[1] Defendant argues that he has experienced extreme reactions to other vaccines, which is supported by his medical records.  (ECF No. 558-2 at 33.)  However, he does not present a letter from a medical professional indicating that he has been instructed to refrain from getting vaccinated against COVID-19.

872215, at *2 (E.D. Mich. Mar. 9, 2021) (denying compassionate release to defendant with obesity and asthma because "his access to the COVID-19 vaccine mitigates any extraordinary and compelling reasons that might otherwise justify release"); *United States v. King*, 2021 WL 736422, at *2 (S.D.N.Y. Feb. 24, 2021) (concluding that there were no extraordinary and compelling reasons for release where the defendant refused the Pfizer-BioNTech COVID-19 vaccine); *United States v. Lohmeier*, 2021 WL 365773, at *3 (N.D. Ill. Feb. 3, 2021) (stating that the defendant "cannot reasonably expect that prolonging his risk by declining vaccination will be rewarded with a sentence reduction" and that the defendant "is contributing to any risk that remains"); *United States v. McBride*, 2021 WL 354129, at *3 (W.D.N.C. Feb. 2, 2021) (stating that "[d]efendant's refusal [of the vaccine] undermines his assertion that extraordinary and compelling reasons exist").

      Exercising its discretion and acknowledging the considerably low risk of infection at Defendant's facility, the Court is not convinced that extraordinary and compelling circumstances exist. Assuming, however, that Defendant's health conditions constitute extraordinary and compelling circumstances, the Court proceeds to the question of whether the sentencing factors set forth in 18 U.S.C. § 3553(a) weigh in favor of his release.

**B.     § 3553(a) Factors[2]**

Defendant argues that the sentencing factors set forth in 18 U.S.C. § 3553(a) favor his release because he has demonstrated exemplary post sentencing conduct, including receiving his GED and completing over 20 classes.  (ECF No. 566 at 8.)  He also points to the fact that he has received no "disciplinary incidents" and has incorporated restitution into his plan to publish books about the power of positive thought.  (*Id.* at 8–9.)

Defendant's accomplishments during his incarceration are encouraging and worth noting; however, as the Government points out in its response, he committed serious offenses which resulted in a jury convicting him of engaging in a conspiracy to defraud the Department of Education by stealing the names, date of birth, and social security numbers of more than 150 inmates and using that information to apply for approximately $1.3 million in federal financial aid funds.  (ECF No. 558 at 2.)  The Department of Education disbursed $562,487.85 as a result of the Defendant and his co-defendants' false claims.

Further, the Court imposed a sentence of 120 months' imprisonment, which reflected a substantial downward variance from the applicable sentencing guidelines range of 151 months to 188 months.  (*Id.* at 4.)  Defendant has now served under half of his sentence.

---

[2] To the extent Defendant argues that the BOP has not properly calculated his sentence (ECF No. 555 at 4–5), his arguments are unavailing.  As the Government points out, this challenge must be made through a petition for writ of habeas corpus in the district in which he is housed.  *See Walker v. United States*, 680 F.3d 1205, 1205 (10th Cir. 2012) (considering challenge to BOP calculation of his sentences); *Howard v. U.S. Bureau of Prisons*, 487 F.3d 808 (10th Cir. 2007) (considering Due Process Clause challenge regarding inmate's earned

In the Court's view, allowing Defendant to serve less than half of his original sentence would not reflect the gravity of the serious crimes he committed. The Court therefore finds that a sentence of time served would not be consistent with "the nature and circumstances of the offense," § 3553(a)(1); "the need for the sentence imposed * * * to reflect the seriousness of the offense [and] * * * afford adequate deterrence to criminal conduct," § 3553(a)(2)(A)–(B); and "the kinds of sentence and the sentencing range established for [his crimes]," § 3553(a)(4).

## IV. CONCLUSION

For the reasons set forth herein, the Court ORDERS that Defendant's Request for Reduction in Sentence Under Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No. 555) is DENIED.

Dated this 4th day of May, 2022.

BY THE COURT:

_____
William J. Martinez
United States District Judge

---

good time credits).